MABEL W. GLIDDEN vs. EMMA F. NASON & another.

Essex.   November 4, 1903. — June 22, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, LORING, & BRALEY, JJ.

*Mortgage*, Of chattels.   *Words*, "Household furniture."

A mortgage of furniture in a boarding house of twenty-three rooms carried on by a husband and wife, including furniture which had belonged to the wife before they kept the boarding house and was in seven or eight rooms used for living purposes by the husband and wife and their family, includes "household furniture", within the meaning of St. 1892, c. 428, § 3, (R. L. c. 102, § 53,) and if the mortgage is at a greater rate of interest than eighteen per cent per annum and does not comply with the requirements of that statute it is wholly void. *Whether* in such a case the furniture in the rooms used by the boarders is "household furniture" within the meaning of the statute above cited as it would be for the purpose of exemption from taxation to the amount of $1,000 under R. L. c. 12, § 5, cl. 11, *quære.*

REPLEVIN for certain personal property alleged to have been mortgaged by the defendants to the plaintiff.   Writ in the Police Court of Lynn dated August 22, 1898.

The answer alleged that the instrument relied upon by the plaintiff was void because it was executed as a mortgage of household furniture made to secure a loan on which interest was charged at a rate exceeding eighteen per cent per annum and did not state with substantial accuracy either the rate of interest to be paid or the actual expense of making and securing the loan as required by St. 1892, c. 428, § 3.

On appeal to the Superior Court the case was tried before *Stevens*, J., without a jury.   He found that the instrument in question was a mortgage of household furniture and was void because it was in violation of St. 1892, c. 428, § 3.   He found for the defendants, assessed the damages in the sum of $1, and ordered that judgment be entered for a return of the goods.   At the request of the plaintiff he reported the case for determination by this court.   If his finding was correct, judgment was to be entered on the finding; otherwise, judgment was to be entered for the plaintiff.

*R. L. Sisk*, for the plaintiff.

*A. B. Tolman*, for the defendants.

LORING, J.  The evidence in .this case warranted a finding that the mortgage covered not only the furniture used by the former occupant of the Nason House in carrying it on as a boarding house, and bought by the defendants for the same use, but also the furniture of seven or eight rooms out of the twenty-three which the house contained, which seven or eight were occupied by the defendants and their family when the female defendant was employed as housekeeper by the former occupant of the house, and that the furniture of these seven or eight rooms was owned by the female defendant before the defendants bought the furniture of the house ; and further that when the mortgage in question was made, one of the defendants told the plaintiff that she and her family were using seven or eight rooms for living purposes.

The furniture of the seven or eight rooms was household furniture within St. 1892, c. 428, § 3, now R. L. c. 102, § 53.  We are of opinion that the whole mortgage was made void by its being included in it.

It is not necessary to consider whether the doctrine applied to the exemption from taxation of household furniture to the amount of $1,000 in *Day* v. *Lawrence*, 167 Mass. 371, applies to R. L. c. 102, § 53.

The only doubt we have had is whether the finding made by the presiding judge can be supported on the ground above stated or whether it must be taken to have been a finding that all the furniture was household furniture.  We are of opinion that it may be construed to be the former, and that it need not be taken to be only the latter.

*Judgment on the finding.*