## MICHAEL J. TERNAN *vs.* MARY A. DUNN.

Suffolk. January 14, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Mortgage*, Of household furniture. *Small Loans Act.*

Under St. 1892, c. 428, § 3, (R. L. c. 102, § 53,) providing that " no mortgage of household furniture on which interest is charged at the rate of eighteen per centum or more per annum, made to secure a loan of less than one thousand dollars, shall be valid unless it state with substantial accuracy the amount of the loan, the time for which the loan is made, the rate of interest to be paid, and the actual expense of making and securing the loan," in case a mortgage of the kind described by the statute is made without any expense of making and securing the loan this fact must be stated in the mortgage, and an instrument purporting to be such a mortgage which contains no statement on the subject is void.

TORT for the alleged conversion of certain articles of household furniture belonging to the plaintiff which the defendant claimed under an instrument purporting to be a mortgage assigned to her by one Penina H. Shorey. Writ in the Municipal Court of the City of Boston dated January 27, 1903.

On appeal to the Superior Court the case was tried before *Flaherty*, J. The alleged mortgage was made under St. 1892, c. 428, § 3, and was assigned to the defendant on May 23, 1899. It was recorded on June 10, 1897, with the records of mortgages of personal property in the clerk's office of the city of Boston where the property was situated and the assignment was recorded on May 24, 1899.

It appeared in evidence that on May 25, 1899, the plaintiff was a tenant of the defendant, and on that day attempted to move from the premises occupied by him all of the furniture mentioned in the alleged mortgage, and that he forcibly was prevented by the defendant from doing so; and that the defendant claimed the property under the mortgage. She did not at that time nor afterwards attempt to foreclose the mortgage.

The plaintiff admitted that he never had questioned the validity of the mortgage up to nor at the time he attempted to remove the goods from the premises, and that he was willing that the defendant should be secured by the mortgage until it was paid. The note given to secure the alleged mortgage was made on June 7, 1897, was due August 7, 1897, was assigned to the defendant on May 23, 1899, nothing was paid thereon, and no extension of the time of payment ever was made.

It further appeared in evidence that the plaintiff made a demand upon the defendant for the mortgaged property about April, 1901, and that the defendant then demanded payment of the mortgage and interest, rent and costs of suit before the plaintiff could have his furniture.

The defendant then offered evidence tending to show that the plaintiff, of his own will, left the mortgaged goods on her premises for security for her alleged mortgage and that she did not prevent him from taking the property out of her premises; that in April, 1901, she did not refuse to deliver the property to him and she made no demand upon the plaintiff then or at any other time; that before he could have the mortgaged goods he must pay the mortgage and interest; that the plaintiff never made any assertion to her that the mortgage was invalid; and that the plaintiff agreed to pay the mortgage by instalments.

The defendant offered the mortgage in evidence and the assignment thereof to herself and both were admitted. The mortgage stated the amount of the loan to be $199.50, the time for which the loan was made to be two months from the date of the mortgage, which was June 7, 1897, and the rate of interest to be two per cent a month, but contained no statement in regard to the expenses of making and securing the loan.

The defendant offered the evidence of one Schofield tending to prove that the loan on the mortgage was made to take up a

prior mortgage upon the same property.    The defendant further offered to prove by Schofield that there was no actual expense of making and securing the loan under the mortgage assigned to the defendant, and that the plaintiff was charged nothing therefor, and the defendant still further offered to prove by Schofield that besides there being no actual expense of making and securing the loan under the mortgage an actual discount was made to the plaintiff from the principal and interest of the prior mortgage, thereby tending to contradict the evidence of the plaintiff that a charge of three dollars and some odd cents was made for making and securing the loan.    To these offers of evidence the plaintiff objected and the evidence was excluded by the judge, subject to the defendant's exception.

The defendant asked the judge to instruct the jury as follows: That if there was no actual expense of making and securing the loan mentioned in the mortgage of the plaintiff's furniture which is held by the defendant then the mortgage is a valid and legal mortgage and the plaintiff had no right to remove the goods mentioned in the mortgage from the tenement of the defendant and there is no conversion of the mortgaged goods, and the verdict should be for the defendant.

The judge refused to give this instruction, and instructed the jury that " said mortgage is of no material consequence except as bearing upon the question whether the plaintiff abandoned that furniture, left it in the tenement, thinking that because of that mortgage he had no right to remove it; that as a matter of law the mortgage was invalid, of no effect, and that the defendant acquired no right under it; and that the defendant did not have, as a matter of fact, a right to retain the property under said mortgage."

The jury returned a verdict for the plaintiff in the sum of $766.50 ; and the defendant alleged exceptions, which after the death of *Flaherty*, J. were allowed by *Fessenden*, J.

The case was submitted on briefs.

*C. B. Loud*, for the defendant.

*H. D. Campbell & C. E. Lawrence*, for the plaintiff.

KNOWLTON, C. J.    This is an action of tort for the conversion of certain articles of household furniture.    The defendant claims title under a mortgage.    The St. 1892, c. 428, § 3, (R. L.

c. 102, § 53,) which was in force when the mortgage was made, is as follows: "No mortgage of household furniture on which interest is charged at the rate of eighteen per centum or more per annum, made to secure a loan of less than one thousand dollars, shall be valid unless it state with substantial accuracy the amount of the loan, the time for which the loan is made, the rate of interest to be paid, and the actual expense of making and securing the loan, nor unless it contain a provision that the debtor shall be notified in the manner provided in section seven of chapter one hundred and ninety-two of the Public Statutes, of the time and place of any sale to be made in foreclosure proceedings at least seven days before such sale." This mortgage is of the kind mentioned in the statute. It contains no statement of the "actual expense of making and securing the loan." The defendant offered to show that there was, in fact, no such expense. The plaintiff testified that there was such expense which was paid. The only question is whether the mortgage is valid without the statement, if in fact there was no expense.

We think the statute requires that such a mortgage shall "state with substantial accuracy" what the fact is in regard to each of the matters referred to as a subject for a statement. The statute recognizes that mortgagees, in transactions of this kind, are sometimes hard and oppressive in their dealings with mortgagors, and it was with a view to the protection of small borrowers at high rates of interest that these facts are required to be stated in the mortgage, so that they will appear of record. The benefit of the provision would be much diminished if the statement could be omitted, and the mortgage held valid upon the testimony of the mortgagee that there was no expense of making and securing the loan. It is in part to prevent the possibility of such contradiction as appeared at the trial in the present case that the written statement in the mortgage is required. If there was no expense, the mortgage should have contained a statement to that effect.

*Exceptions overruled.*