Rockingham, }
May 3, 1938. }

Auto Owners' Finance Co., Inc. *v.* Ira A. Coleman & a.

*Arthur J. Reinhart* and *Harold Seidenberg* (of Massachusetts), (by brief), for the plaintiff.

*Ralph G. McCarthy* (by brief), for the defendants Coleman and Taccetta.

*Samuel A. Margolis* and *Samuel T. Lakson* (of Massachusetts), (*Mr. Lakson* orally), for a party in interest.

Allen, C. J.   The case involves a Massachusetts transaction the validity of which depends upon the construction of certain legislation in that state and of a mortgage included in the transaction.   The transaction was between the plaintiff and one Rozman.   He applied to the plaintiff for a loan of $300 to be secured by a mortgage of the replevied automobile which he then owned.   The loan was made, the plaintiff taking six dollars of its amount to pay for fire and theft insurance on the automobile.   The mortgage was duly recorded. Thereafter Rozman sold the automobile without actual notice to the

purchaser of the mortgage lien, and at a later time the principal defendants bought it in good faith. A part of the mortgage debt remains unpaid.

The note Rozman gave for the loan was for the amount of $300 and bore interest at 3% a month. By the Massachusetts statute the "interest or expenses" on the loan of not over that amount shall include all "sums . . . . for making or securing directly or indirectly the loan" (General Laws of Mass., c. 140, s. 96), ". . . the total amount to be paid on any loan for interest and expenses shall not in the aggregate exceed an amount equivalent to three per cent a month on the amount actually received by the borrower, computed on unpaid balances, . . ." (Ib., s. 100), and any loan upon which "a greater rate of interest or expense is charged or received . . . may be declared void . . ." (Ib., s. 103).

The defendants assert that the six dollars taken for insurance was an expense paid by Rozman for the plaintiff's benefit and incurred as an incident of obtaining the loan, with the result that the 3% monthly interest charge on $300 was excessive and rendered the note void. The effect of the statute, as it is understood, is to require the reduction from the permitted interest of charges against the borrower in connection with making and securing the loan.

No judicial construction in Massachusetts of the statute has been shown or found definitely holding that the expense of insuring the property securing the loan is incurred as an incident of the transaction. In the absence of such construction the statute is considered not thus to provide. In fair and practical analysis the requirement of insurance was for additional security. The plaintiff was unwilling to loan on the security of an uninsured automobile. It demanded the insurance as a further item for protecting the loan. The insurance was property, being an intangible asset of value. The situation is the same as in any case where the security offered is regarded by the lender as insufficient and the loan is declined unless more is furnished. It follows that it is not material that the insurance ran only to the plaintiff. Whether or not Rozman was benefited by it, is not a test of the character of the expense for it. And the circumstance that the new security was paid for out of the proceeds of the loan does not invalidate the loan. The expense of obtaining the insurance was not an expense of making or securing the loan itself. It was the cost of the new security.

The note is accurate in its statement of $300 as the amount of the loan. That sum was in fact loaned, and the maker's purchase of

the insurance through the plaintiff and out of the proceeds of the loan did not lessen the amount of the loan.

It is required that the mortgage contain a provision that "the debtor shall be notified, in the manner provided in section five of chapter two hundred and fifty-five, of the time and place of any sale to be made in foreclosure proceedings. . . ." Gen. Laws Mass., *c.* 140, *s.* 108. By the statute referred to (*c.* 255, *s.* 5), "The mortgagee . . . may . . . give to the mortgagor, or to the person in possession of the property claiming the same, written notice of his intention to foreclose the mortgage" in a prescribed manner. The mortgage provides that the notice may be given the mortgagor "or his representatives." It is argued that this is a variation from the statute with the effect of invalidating the mortgage.

The question as to this is not of construction of the statute, but of the mortgage. Fairly considered, the language of the mortgage is in accord with that of the statute. Departure from exact and literal phraseology is not here a departure from meaning. Within the more reasonable meaning of the mortgage, representatives of the mortgagor are those persons who may take his place as mortgagor, and those thus taking his place are the ones in possession of and claiming the property. For the purposes of foreclosure only such persons were intended by the mortgage to be substitutes for the mortgagor. The mortgage is accordingly construed to contemplate foreclosure only in the manner the statute commands. So far as inaccuracy of statement might be thought to be involved, the phraseology of the mortgage is a paraphrase of the statute, on all fours with it.

No definition of representatives other than that here adopted has been proposed, and no purpose of the mortgage of non-conformity and non-compliance with the statute is evinced. The mortgage is on a printed form, evidently drawn with an attorney's skill and with the legislation governing it in mind. Certain rights under the statute are stated to be waived, thereby implying that it is to be followed in other respects. It is not probable that any variation from the statute was intended. It is understood that its regulatory requirements in respect to notice cannot be waived or changed by agreement, and in view of the risk of a substantial fine as well as of the avoidance of the mortgage such a waiver or change is not found to have been agreed upon or to have been in mind.

It follows that as any doubt respecting the meaning of the language of the mortgage may fairly be resolved to give it precise conformity

with the statute, the mortgage is to be held to express the intention of the parties to such effect, and the claim that it departs from the mandate of the statute fails.

The cases of *Glidden* v. *Nason*, 186 Mass. 140; *Ternan* v. *Dunn*, 194 Mass. 585, and *Cuneo* v. *Bornstein*, 269 Mass. 232, cited by the defendants, have been examined and are not found to advance any views leading to a different conclusion than that here reached.

*Judgment affirmed.*

All concurred.