JAMES LEHAN *vs.* NORTH MAIN STREET GARAGE, INC.

Norfolk.   November 4, 1942. — December 28, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Sale*, Conditional.  *Conversion.*

Section 13A of G. L. (Ter. Ed.) c. 255, inserted by St. 1939, c. 509, § 1,
does not make wholly void a transaction of conditional sale evidenced
by a written contract not containing the provisions required by the
statute as to the application of payments by the vendee and of the
net proceeds of a sale in case of repossession, but merely invalidates
so much of the contract as evidences the condition of the sale whereby
the vendor retains a security title and deprives him of that title,
leaving the sale otherwise valid as the equivalent of a sale on credit.

A conditional vendor who lost his security title to the article sold by
reason of his failure to include in the contract with the vendee the
provisions required by G. L. (Ter. Ed.) c. 255, § 13A, inserted by St.
1939, c. 509, § 1, could not maintain an action for alleged conversion
against one who purported to purchase the entire title to the article
from the vendee.

TORT.   Writ in the District Court of Southern Norfolk
dated August 6, 1941.

There was a finding for the plaintiff by *Iddings*, J.  The
Appellate Division for the Southern District ordered judg-
ment entered for the defendant.  The plaintiff appealed.

*J. H. Fitzgerald*, for the plaintiff, submitted a brief.

*P. A. Sykes*, for the defendant.

QUA, J.   This is an action for the conversion of an auto-
mobile sold on conditional sale by the plaintiff, a dealer in
automobiles, to one Gewlas on March 1, 1940, and resold
by Gewlas to the defendant, also a dealer, on or about June
27, 1940, before Gewlas had paid the full purchase price
to the plaintiff.  The evidence was to the effect that Gewlas,
instead of merely transferring his interest as conditional
vendee (see *Rowe Vending Machine Co. Inc.* v. *Morris*, 276
Mass. 274, 280), purported to convey to the defendant, and
the defendant intended to obtain, and believed it was ob-
taining, a full and complete title to the automobile.  If

material, a further finding would have been warranted that Gewlas allowed the automobile to be removed from his residence for more than three days, thereby under the terms of the conditional sale agreement giving tl e plaintiff the right to take possession. The purchase by the defendant was the conversion complained of. See *Stanley* v. *Gaylord,* 1 Cush. 536; *Geneva Wagon Co.* v. *Smith,* 188 Mass. 202; *Sallinger* v. *Collateral Loan Co.* 215 Mass. 266; *Lynn Morris Plan Co.* v. *Gordon,* 251 Mass. 323; *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357, 360, 361; *New England Road Machinery Co.* v. *Quincy Oil Co.* 290 Mass. 242; *Atlantic Finance Corp.* v. *Galvam,* 311 Mass. 49; *Blaisdell Automobile Co.* v. *Nelson,* 130 Maine, 167; *Fisk* v. *Ewen,* 46 N. H. 173; *Loverin* v. *Wedge,* 102 Vt. 138; Am. Law Inst. Restatement: Torts, §§ 223, 229.

The agreement of conditional sale between the plaintiff and Gewlas was made after the present G. L. (Ter. Ed.) c. 255, § 13A, had been inserted by St. 1939, c. 509, § 1, and did not contain the provision required by that section to be included in the instrument evidencing the sale. The effect of this omission upon the rights of the plaintiff must be considered. Section 13A reads as follows: "No instrument evidencing a conditional sale of personal property shall be valid unless it contains a provision that, in case of repossession and sale of such personal property for default in payment of any part of the total time price, all sums paid on account of such price and any sum remaining from the proceeds of a sale of such repossessed personal property after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of such price, and that, if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to the vendee; provided, that this section shall not apply to an instrument evidencing a conditional sale of personal property affixed or attached to real estate in any other manner than by an electrical connection."

It would be comparatively easy to interpret the words of § 13A, "No instrument evidencing a conditional sale of personal property shall be valid unless it contains a pro-

vision . . ." as rendering void the entire transaction between the plaintiff and Gewlas in every part, including the attempted transfer of a limited or special property interest to Gewlas as conditional vendee. This interpretation would follow literally the words of the statute and is made still easier by the requirement of § 12[1] that a conditional sale of personal property shall be "embodied in a single written contract, which contract shall contain the entire agreement between the parties." But results would follow from this interpretation which we cannot believe the Legislature intended. If the whole transaction were thus rendered invalid title would remain in the vendor, where it was before the transaction was attempted. He could at any time recover possession with or without legal process upon the principle illustrated by *Pelosi* v. *Bugbee*, 217 Mass. 579. For aught that we can see the conditional vendee would then lose his right of redemption under § 11, his right to require an auction sale under § 13F,[1] and (where the goods are household furniture) his right to thirty days' notice and to an itemized statement of the account under § 13C,[1] since these sections seem applicable only to valid conditional sales. Thus by violating § 13A the conditional vendor would be able to retain most of the same advantages which a valid conditional sale agreement would give him and to brush aside the safeguards which have been gradually erected over many years for the protection of the vendee, and, while pretending to make a sale or a "lease" creating an appearance of rights in the vendee, could in effect reduce the vendee to a mere bailee at will with no title of any kind in the property and no protection for instalments paid, except perhaps a right of action to recover them back from the vendor on the theory that the vendee was not in pari delicto with the vendor. See *Bernhardt* v. *Atlantic Finance Corp.* 311 Mass. 183, 187, 188. The vendor could do all this without incurring any penalty other than an inability to bring an action at law against the vendee to recover unpaid instalments. The penalties of § 13G[1]

---

[1] Section 12, here referred to, is that section as appearing in St. 1939, c. 509, § 1; §§ 13C, 13F, and 13G are those as appearing in § 2 of St. 1939, c. 509.

do not apply to violations of § 13A. Moreover this construction of § 13A would tend to defeat the very purpose to accomplish which that section was passed. That purpose must have been to insure the application of all payments to the purchase price of the article intended to be bought in the interest and for the protection of the conditional vendee.

If, on the other hand, § 13A can be interpreted as rendering invalid only so much of the instrument as evidences the condition of the sale, that is, the retention of a security title by the vendor, leaving the sale otherwise valid but merely removing the condition from it, the difficulties described above will be avoided. By this construction the vendee will be protected and the vendor who fails to observe § 13A will be penalized by the loss of his security, and the object of the section will be accomplished. The sale will then become equivalent to a sale on credit, and the vendor cannot recover the property but can maintain an action for the unpaid price. This construction recognizes the true nature of a conditional sale as a transfer of the property and in a broad sense of its title also from seller to buyer, saving only to the seller a security interest generally similar to that which he would have had if he had conveyed the technical title and taken a mortgage back. In such a case we suppose there would be no difficulty in construing and applying a statute which should declare the mortgage invalid if it failed to include certain specified terms. Such a statute now exists in G. L. (Ter. Ed.) c. 140, § 92. See *Ternan* v. *Dunn,* 194 Mass. 585.

The object of all statutory construction is to ascertain the true intent of the Legislature from the words used. If a liberal, even if not literally exact, interpretation of certain words is necessary to accomplish the purpose indicated by the words as a whole, such interpretation is to be adopted rather than one which will defeat that purpose. *Frye* v. *School Committee of Leicester,* 300 Mass. 537, 538. *Commissioner of Corporations & Taxation* v. *Dalton,* 304 Mass. 147, 150. *Cullen* v. *Mayor of Newton,* 308 Mass. 578, 583, 584, and cases cited. We think that in enacting § 13A the Leg-

islature had in mind the analogy of a mortgage and used the words "conditional sale" in the sense of "condition of the sale." We are of opinion that the second interpretation of the section suggested above is the true one, and that the words "No instrument evidencing a conditional sale of personal property shall be valid . . ." should be construed as if they read, "No instrument in so far as it evidences the condition in a conditional sale of personal property shall be valid . . . ."

It follows from what has been said that the plaintiff as conditional vendor has lost his security title by reason of his violation of the statute and cannot recover for conversion of the automobile.

*Order of Appellate Division for judgment
for defendant affirmed.*