E$ro, J.
In this action of contract, the plaintiff seeks to recover for money expended and damages sustained for a breach of a warranty. The answer is a general denial and a demand of proof that defendant is a corporation. At the trial, however, the defendant admitted that it was a corporation.
Construing the evidence most favorably for the plaintiff the trial judge could have found that on or about April 12, 1944, the defendant sold to the plaintiff one Ontario boiler, one Muroid switch and one float box for $400.00, of which $150.00' was paid on account, leaving a balance due of $250.00 ; that prior to the sale the defendant’s manager inspected the plaintiff’s equipment and represented to him that the boiler that he was to sell him- would be of sufficient capacity to furnish .steam to operate simultaneously two pressing machines and a “Solvent Saver” machine; that *176 the plaintiff told defendant’s representative that he relied on said representations because he was a tailor and knew nothing of machinery; that the plaintiff relying on said representations, bought said mentioned articles; that when the same were delivered they did not have the capacity to furnish steam to operate simultaneously the two pressing machines and the “Solvent Saver” machine; that on May 13, 1944, the plaintiff’s attorney wrote a letter to the defendant notifying the defendant of its breach of warranty and requested it to take the • equipment away and return the consideration paid.
There was also conflicting evidence from the defendant to the effect that no representations nor warranties were made by the defendant; that the cause of the lack of .sufficient power of said equipment was due to a burner which was not furnished by the defendant.
On October 17, 1944 one Ontario boiler, one Muroid switch, one Float Box and one pump were replevined from the plaintiff by the defendant. Both actions were tried the same day and both are now before this Division.
At the trial of these actions, there was introduced over the objections of the plaintiff in this action, a conditional sales instrument dated April 12, 1944, signed by the plaintiff, covering “1 Ontario Boiler, 1 Muroid Switch, 1 Float Box” for the price of $400, of which $150' was to be paid with the order and the balance in two monthly payments of $125.00 each.
The final line in the body of this instrument reads as follows: “This order is not binding on M. and B. Machinery Corporation until accepted by the home office. ’ ’ At the bottom of the instrument the line reserved for the signature of the official of the Company accepting the contract remains unsigned, but one Balph Perdrix, who, it appeared in evidence, was the president of the defendant corpora *177 tian, signed said instrument at the place reserved for witnesses. This instrument does not contain the provision required in Gr. L., C. 255, s. 13 a that, “in case of repossession and sale of such personal property for default in payment of any part of the total time price all sums paid on account of such price and any sum remaining from the. proceeds of a sale of such repossessed personal property after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of such price, and that, if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to the vendee. ’ ’
The plaintiff duly claimed a report for the admission of said instrument, as well as for the denial of the following request for ruling:
“The evidence warrants' a finding for the plaintiff,” which the trial justice “denied as I find on all the evidence that the defendant is entitled to a finding which finding renders this request immaterial.” The Court found for the defendant.
The Acts of 1939, C. 509 s. 1, embodied as Q-. L., C. 255, s. 13 a provides as follows:
“No instrument evidencing a conditional sale of personal property shall be valid unless1 it contains a provision that, in case of repossession and sale of such personal property for default in payment of any part of the total time price, all sums paid on account of such price and any sum remaining from the proceeds of a sale of such repossessed personal property after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of such price, and that, if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to the vendee; provided, that this section shall not apply to an instrument evidencing a conditional sale of personal property affixed or attached to real estate in any other manner than by an electrical connection.”
*178 A careful examination of the copy of the conditional sales instrument annexed to the report discloses the fact that it does not include the provision above quoted as required by said G. L., C. 255, s. 13 a, and in the companion case of M. & R. Machinery Corporation against this plaintiff, we hold that the same was not admissible in that action of replevin, under the decision of Lehan v. North Main Street Garage, Inc., 312 Mass. 547. But under the Court’s interpretation of said section 13 a, while the conditional vendor loses Ms security title by reason of the violation of the statute and, therefore, cannot replevy the articles sold under said instrument, the latter is valid to transfer title to the conditional vendee and, therefore, there would be no prejudicial error in its admission in this case. Lehan v. North Main Street Garage, Inc., 312 Mass. 547.
Nor does it make any difference that an official of the defendant corporation did not sign .at the place reserved for the signature of such an official accepting the contract for the defendant. TMs was intended to protect the defendant corporation from an unauthorized contract. Here the president of the company signed the instrument although not at the right place. In any event, the contract was accepted by the defendant corporation by delivering the articles and receiving the payment on account.
The plaintiff’s sole request was proper and falls within the rule stated in Strong v. Haverhill Electric Company, 299 Mass. 455, in wMch the Court said that “if such a requested ruling has been refused, and nothing more appears than that a general finding for the defendant has followed, that general finding will be deemed the result of a ruling, implicit in the refusal of the ruling requested, that the evidence did not warrant a finding for the plaintiff” and “if the evidence did warrant such a finding, the refusal of the requested1 ruling is error, because the plaintiff *179 has been deprived of the right to have the evidence considered upon the material issues of fact.”
In the present case, however, the trial judge denied said request because he found “on all the evidence that the defendant is entitled to a finding which renders: this request immaterial.” Ordinarily that finding would render this request immaterial. Bresnick v. Heath, 292 Mass. 293 at 298. Since he failed to recite what were the facts found by him which rendered the requested ruling immaterial, we are not sure that the trial judge considered the evidence of the plaintiff and that he was not wholly influenced by the conditional sale agreement, held void and inadmissible in the cross action between the same parties. To dismiss the report in this case would leave the plaintiff without any remedy to recover his deposit. We, therefore, think that, in view of our opinion in the companion case, it was prejudicial error in this case to deny the plaintiff’s requested ruling.
The finding for the defendant is to be vacated and the case remanded for a new trial.