Eno, J.
This is an action of replevin by which the plaintiff seeks to replevy from the defendant one Ontario boiler, one Miiroid switch, one float box and one gear pump. This pump was not mentioned in the writ.
The defendant’s answer contains besides a general denial allegations of a breach of a warranty, false representations, and a failure of the plaintiff to give a copy of the alleged conditional sale agreement to the defendant.
At the trial there was evidence that the plaintiff sold by a conditional sale agreement dated April 12, 1944 one Ontario Boiler, one Muroid Switch and one Float Box for the price of $400.00 of which $150.00 was to be paid with the order and the balance in two monthly payments of $125.00 each. This instrument does not contain the provision required by General Laws C. 255, s. 13a that, “in case of repossession and sale of such personal property for default in payment of any part of the total time price all sums paid on account of such price and any sum remaining from *181 the proceeds of a sale of such repossessed personal property after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of such price, and that, if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to the vendee.” The defendant duly claimed a report to the admission over his objections of said conditional sale agreement.
On May 13, 1944 the defendant’s attorney sent the plaintiff a letter rescinding and cancelling the sale of the above goods and calling on the plaintiff to take the same awajy and return the monies paid. The goods were replevined on October 17, 1944.
In a cross action tried with this one the defendant seeks to recover from the plaintiff the amount of his. deposit as well as monies expended by him.
At the close of the trial the defendant duly asked the Court to rule as follows:
‘ ‘ 1. The evidence does not warrant a finding for the plaintiff. 2. Because of the variance between the writ as served on defendant and the one entered, there must be a finding for the defendant. 3. As a matter of law the plaintiff has no right to repossess under the conditional sale contract in this case.”
The Court denied the defendant’s request for rulings #2 and 3, and with reference to request #1 ruled as follows:
‘ ‘ Denied as I find on all the evidence that the plaintiff is entitled to a finding, which finding renders this request immaterial.”
The Court found for the plaintiff and assessed damages in the sum of one ($1.00) Dollar.
The Acts of 1939, C. 509, s. 1, embodied as General Laws, C. 255, s. 13a provide as follows:
“No instrument evidencing a conditional sale of personal property shall be valid unless it contains a provi *182 sion that, in case of repossession and sale of such personal property for default in payment of any part of the total time price, all sums paid on account of such price and any sum remaining from the proceeds of a sale of such repossessed personal property after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of such price, and that, if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to the vendee; provided, that this section shall not apply to an instrument evidencing a conditional sale of personal property affixed or attached to real estate in any other manner than by an electrical connection. ’ ’
In construing this section, the Court in Lehan v. North Main Street Garage, Inc., 312 Mass. 547 said:
“We think that in enacting section 13a the Legislature had in mind the analogy of a mortgage and used the words ‘conditional sale’ in the sense of ‘condition of sale. ’ We are of opinion that the second interpretation of the section suggested above is the true one, and that the words ‘No instrument evidencing a conditional sale of personal property shall be valid * * *’ should be construed as if they read, ‘No instrument in so far as it evidences the condition in a conditional sale of personal property shall be valid ***.’”’
The said instrument being invalid it was, therefore, prejudicial error to admit it in evidence and to deny defendant’s requested rulings 1 and 3.
The finding for the plaintiff is to be vacated and a finding is to be entered for the defendant.