Petttngell, P. J.
Action of contract in which a purchaser of an automobile sues the seller on a warranty of the title to the car which, after the sale to the plaintiff, was claimed by a former owner named Snow who had previously sold it on a conditional sales agreement and had not been paid for it before the vendee in that sale sold it to the defendant. There was a finding for the plaintiff.
The defendant raises two contentions: first, that Snow’s title was defective on the authority of Lehan v. North Main, Street Garage, 312 Mass. 547, and, second, that the plaintiff had sued on an express warranty but had proven only an implied warranty and hence could not recover.
Upon considering the second contention first, it appears that the defendant requested the following rulings:
*278 “7. As a matter of law the plaintiff has declared upon an express warranty. 8. As a matter of law upon all the evidence there is insufficient evidence to warrant a finding of an express warranty. 9. As a matter of law the plaintiff having failed to offer evidence of an express warranty after having declared upon an express warranty the plaintiff cannot recover. Woodruff v. Wentworth, 133 Mass. 309.”
As the defendant has in no place in the report set out the language of the declaration we have no way of passing judgment upon the contents of that pleading. We have no way of knowing what her allegation as to the warranty is.
The trial justice found as fact that “the defendant represented to the plaintiff that she was obtaining a good title to the automobile when it was sold to her by the defendant. ’ ’
It becomes material, therefore, for the defendant, if he is to suceed on this point to show what the plaintiff’s allegation in her declaration is. The burden is upon the defendant as appellant to prove error by a complete record, Barnes v. Loomis, 199 Mass. 578, 581. Reilly v. Selectmen of Blackstone, 266 Mass. 503, at 510. Lenehan v. Travers, 288 Mass. 156, at 160.
The seventh ruling was given. Due to the incomplete record and our ignorance of what the plaintiff alleged, we are not in a position to find any error in the denial of the eighth and ninth rulings.
The other contention is that the title of the claimant Snow did not entitle him to repossess the automobile.
His title was based upon a conditional sales agreement dated June 23, 1945, at which time the law in this respect was represented by G. L. C. 255, Section 13a, and the case of Lehan v. North Main Street Garage, 313 Mass. 547, in *279 terpreting that statute. That section provides that “No instrument evidencing a conditional isole of personal property shall be valid unless it contains a provision that, in case of repossession and sale of such personal property for def ault in payment of any part of the total time price, all sums paid on account of ,such price and any sum remaining from the proceeds of a sale of such repossessed personal property after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of said price and that, if 'the proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to the vendee”
The corresponding clause in the sale agreement held by Snow is:
“Said car may be retained by seller, if the seller is the holder of said note, together with any and all amounts paid thereon which shall be considered for the reasonable use of said car; ... or said car may be sold at public or private sale . . . and all laws governing such sales are hereby waived by purchaser . . . The proceeds of any sale, after deducting expenses, liens, storage, and an attorney’s reasonable fee paid or incurred by the seller, shall be applied to the amount due on said note and the surplus, if any shall be paid to the purchaser;”
A comparison of the wording of the statute and that of the bill of sale held by Snow show 'that the two are not the same and are inconsistent. Under his bill of sale Snow as vendor was entitled to retain all payments made by the vendee on the note before repossession “for the reasonable use of said car”; the vendee is obliged to waive all laws governing sale under such circumstances; out of any proceeds of a sale the vendor can retain claims for storage, liens and a reasonable attorney’s fee, under the statute however, he can deduct only the reasonable expense of such *280 repossession and sale. Storage which might -be a considerable item would not be a reasonable expense of the sale nor would a lien for repairs made.
Lehan v. North Main Street Garage, supra, interprets the statute to mean that a conditional sale agreement in conflict with the statute results that the bill of sale is “invalid” in that it conveys no “security” title. Such a seller has only an ordinary title for which he can bring suit against the purchaser, but he has no title which he can enforce by repossession.
In our opinion the statement in Snow’s bill of sale is inconsistent and in conflict with the statute, and following Lehan v. North Main Street Garage, supra, is invalid as to any right of repossession.
The trial justice gave the defendant’s tenth requested ruling.
“As- a matter of law in order for the plaintiff to- recover, the plaintiff must introduce evidence that the automobile in question was repossessed by a party having legal right to repossess said automobile.”
Snow’s- bill of sale which is to be interpreted strictly, Ternan v. Dunn, 194 Mass. 585, at 588, is in conflict with the statute, and under Lehan v. North Main Street Garage, supra, conferred upon him no power of repossession.
Under these eircums ta.nce s' it was prejudicial error to refuse the defendant’s sixth requested ruling, which was,
“As a matter of law the condition of the conditional bill of sale, under which Albert 0. Snow repossessed the automobile in question was void since the said Snow did not hold a conditional sales contract which conformed to G. L. c. 255 section 13a Lehan (sic) v. North Main Street Garage, 312 Mass. 547.”
The finding for the plaintiff is to- be vacated. Judgment is to be entered for the defendant.