Gadsby, P. J.
This is an action of replevin. By virtue of the writ and filing a bond, an automobile was replevied from the defendant. The said automobile was turned over to the plaintiff by the sheriff and the plaintiff sold it. It was agreed by counsel that if there were a finding for the defendant, that in addition to other damages, there was to be judgment entered for the defendant in the sum of twenty-five hundred dollars, since the automobile replevied by the plaintiff had been sold by him to a third party.
The court made a finding for the plaintiff for $170.00 which included the cost of the bond, the sheriff’s fees and attorney’s fees. The plaintiff already had received $2,500.00 from the sale of the automobile which he replevied.
The facts may be briefly summarized as follows:
The plaintiff, Edward Adolph, d/b/a Beaconfield Motors, had been in the automobile business for many years. He *146 had previously sold automobiles to one, Thomas Viverios, who did business under the name of “Tom’s Texaco Service.” The plaintiff had a place of business at Brookline and Viverios had his automobile place of business at Waltham. The plaintiff had sold about twenty-six automobiles to Viverios during a course of two years prior to the transaction in this case. Several of these checks given by Viverios to the plaintiff had been returned for insufficient funds, but Viverios had made them good later.
The automobile in question was sold by the plaintiff to Viverios on November 2, 1948 and in the late afternoon he received from Viverios a check for the car. A bill of sale was given by the plaintiff to Viverios, which contained the provisions that title to the car was not to pass to Viverios if payment were made by check until the check had cleared. The plaintiff presented the check at the bank on the early morning of November 3, 1948. The check was not honored so that the plaintiff then brought this writ of replevin.
The defendant Catrone was in the automobile sale business for a number of years and did business under the name of the Winchester Motors. He testified that on November 2, 1948, he saw the automobile parked in a lot in front of Tom’s Service Station, which was the name under which Viverios did business. The defendant testified that Viverios stated he purchased .the automobile from the Noyes Buick. The defendant gave him a check for twenty-five hundred dollars which Viverios cashed at 8:00 A. M. the following morning. The defendant also testified that about 10:00 A. M. on the morning of November 3, 1948, he received a call from the plaintiff and the plaintiff told him not to sell the oar he purchased because he had a mortgage on it; that Viverios had promised to make the check good by 5:00 P. M.
The defendant filed the following requests for rulings of law, concerning which the court acted as follows:
*147 “ (1) The plaintiff is bound by his allegations in his writ of Replevin that the goods, namely, an automobile, are the goods of the plaintiff and in order to prevail he must show that he actually has title to said automobile. Allowed.* (2) There is no evidence that the plaintiff had title to said automobile, on the contrary, the alleged consignment agreement did not give him title. Denied. (3) The alleged consignment agreement did not place title to said car in the plaintiff nor give him sufficient right of possession to maintain this action. But in the event that the Court does find that the Plaintiff has sufficient legal basis for maintaining his 'action of replevin, then the defendant makes the following Requests for Rulings. Denied.”
The defendant 'also filed the following supplemental requests in the event that the Court found that the plaintiff had sufficient legal basis for maintaining his action of replevin. These requests and the action of the Court are as follows:
“(1) The conduct of Catrone, the defendant, has no hearing upon this replevin action. The rights of the parties are determined as of the date of the sale to Tom’s Texaco Service. Allowed. (2) The sale was a conditional sale within the meaning of Chapter 255. Denied. (3) Since section 13a of said Chapter 255 concerning the rights of repossession, etc., have not been inserted in the contract, a good title passed to Tom’s Texaco Service. Lehan v. North Main Street Garage, Inc., 312 Mass. 547. Denied. (4) The reservation of title conditioned upon payment of the cheek is not available to the plaintiff as he, by his conduct, *148 is estopped from relying upon such reservation. Denied. (5) The fact that the plaintiff knew that Thomas Viverios, d/b/a Tom’s Service Station had passed several bad checks to him, which he in turn had made good, deprived him of the right to reserve title to himself conditioned upon payment of the check. Denied. (6) The statement of the plaintiff that he was willing to take the check knowing that if it was bad that Viverios would make it good, was a waiver of the reservation clause in the contract and gave full and complete title to Thomas Viverios and did not restrict the passage of title. Denied, because this request contained facts noj found by me. I find that the plaintiff took the check of Viverios knowing that several others had not been paid by the hanks but that Viverios had paid them off. I further find that the plaintiff took the check of Viverios with reference to. the transaction in question without intending to waive the clause in the contract of sale that stated that title would not pass to the purchaser until payment in full has been made and that if final payment is made by check, title will not pass until check is paid. (7) The conduct of the plaintiff in informing the defendant “No.t to do anything* until five o’clock as Viverios would make the check good.” estoppes him from benefitting through the restrictive clause in the contract. Denied, because this request contains facts not found by me. I find that the plaintiff called the defendant and told him that Viverios had promised to make the check good by 5:00 P. M. I do not find that the plaintiff told the defendant “not to do anything until 5:00 P. M.’T (8) The fact that the plaintiff accepted the check of Viverios knowing that he had passed several bad checks, and did not call the bank (Newton-Waltham Trust Company) to ascertain whether there was sufficient funds or an account to cover the check, deprives hi-m of his right to rely on the restrictive clause in the contract of sale. Denied. (9) The fact that the plaintiff set loose on the general public Viverios with knowledge that he had passed bad checks before, and surrendered possession of the car to Viverios,, with dealers’ plates thereon, now estoppes him from benefiting by the restrictive clause in the contract of sale. Denied. (10) The defendant, Catrone, had the *149 right to rely upon the statement of Viverios that he had purchased the car at Noyes Buick, particularly in view of the fact that dealer’s plates were on the car. Denied.
The Court made the following findings:
I find that the motor vehicle in question was unlawfully taken and detained by the defendant. By agreement of the parties there is to he a judgment for the plaintiff in the sum of Twenty-five hundred ($2500.00) dollars if the Court made a finding for the. plaintiff, the said sum of money representing the value of the vehicle.
In view of this agreement I find for the plaintiff in the sum of Twenty-five hundred ($2500.00) dollars with the following additional costs for damages caused to the plaintiff: Cost of bond, $60.00. Sheriff’s fees, $10.00. Attorney’s fee, $100.00. Total, $170.00. Judgment, $2500.00. Total Finding, $2670.00.
The Court Finding was revised thereafter as follows:
REVISED FINDING OF THE COURT
The Court having erred in its original finding in this case, the following revised finding is hereby made. I find that the motor vehicle in question was unlawfully taken and detained by the defendant and that the planitiff is entitled to the following costs caused thereby: Cost of
bond, $60.00. Sheriff’s fees, $10.00. Attorney’s fees, $100.00. Total, $170.00.
The Court found that the motor vehicle was unlawfully taken and detained by the defendant and entered judgment for the plaintiff for $170.00 as costs.
The hill of sale from the plaintiff to Viverios contained an express provision that title to the car was not to pass if payment were made by check unless the check cleared. The only question before the Court is as to whether or not Viverios obtained title. If he did not obtain title, then obviously he could not pass title to this defendant.
*150 The pertinent provision in the Bill of Sale read as follows: “If payment by check, check guaranteed, title will not pass to purchaser until payment in full has been made. If final payment is made by check, title will not pass until check is paid. ’ ’
The Court having found that title did not pass to Viverios then obviously the Court must have ruled that there was no waiver of the provisions of the bill of sale by the plaintiff in his dealings with Viverios.
The contention of the defendant in substance is that the plaintiff has created a situation where the damage was done to the defendant. However, the defendant should have made proper inquiries from Viverios. He should have taken it upon himself to ask to see the bill of sale by means of which Viverios acquired the car. He relied upon the statement of Viverios. He has his action against Viverios for any fraudulent representations made by him. The plaintiff certainly can protect himself in any sale of an automobile by inserting provisions for his own benefit as to the passage of title. In view of the plaintiff’s past experience with Viverios, that was the only way he could protect himself.
The Court has also properly awarded damages to the plaintiff in view of the provisions of O. L. (Ter. Ed.) c. 274, §13, which provides: “If the Court finds that the goods were unlawfully taken or attached or unlawfully detained by the defendant, the plaintiff shall have judgment for his damage caused thereby and for costs.”
There being no prejudicial error committed by the trial judge in his disposition of the defendant’s requests for rulings of law, the report is thereby dismissed.

 The trial court’s ruling and findings on each of the Defendant’s Requests and Supplemental Requests for Rulings are printed in italics following the request.