**Irving WIDETT, Trustee, Appellant,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Petitioner, Appellee.**

**No. 4986.**

United States Court of Appeals
First Circuit.

Nov. 9, 1955.

---

8. Federal Evidence Act, Title 28, Ch. 115, § 1732.

Robert Robinson, Boston, Mass., with whom Joseph Kruger and Widett & Kruger, Boston, Mass., were on brief, for appellant.

R. Gaynor Wellings, Boston, Mass., with whom Tyler & Reynolds, Boston, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

The only question presented on this appeal from an order of the District Court annulling an order of a referee in bankruptcy is whether either one or both of two provisions in a contract for the conditional sale of an automobile render the contract invalid under Massachusetts G.L.(Ter.Ed.) Ch. 255, § 13A, as added

St.1939, c. 509, § 1, quoted so far as material in the margin.[1]

The appellant's first contention is that the contract does not conform to the requirements of the statute, and is therefore invalid, because it provides that in the event of repossession upon default, "Such repossession shall not affect seller's right, hereby confirmed, to retain all payments made prior thereto by the purchaser hereunder." The argument is that the contract is rendered invalid because the above quoted sentence not only does not amount to a categorical statement that all sums paid on account shall be applied in reduction of the total time price as the statute requires, but provides exactly the contrary. We think the District Court correctly rejected this contention on the ground that construed in its context the sentence does not permit the seller to retain payments made on account without giving the buyer credit therefor in the event of repossession and sale. We have nothing to add to that court's statement of the reasons for this conclusion contained in its memorandum opinion reported sub nom. In re Drooker, D.C.Mass.1955, 129 F.Supp. 866, 869.

The appellant's other contention is that the contract is rendered invalid under the statute by its provision: " 'From proceeds of any such sale, seller shall deduct all reasonable expenses for retaking and selling such property including a reasonable attorney's fee. The balance thereof shall be applied to amount due; * * *.' " Again we agree with the District Court that the above provision of the contract complies with the statutory command. And once more we adopt the reasoning of that court as our own. Indeed, we would have simply affirmed on the opinion of the District Court cited above were it not for two decisions of the Supreme Judicial Court of Massachusetts handed down subsequent to the decision below, which we think call for brief comment.

In Nickerson v. Zeoli, Mass., 127 N.E.2d 779, 780, the court held a conditional sale contract invalid under the statute because of a provision therein that in the event of repossession and sale the seller might apply the proceeds to the unpaid balance after deducting " 'the reasonable expenses of repossession, *removal, storage* and sale' " (emphasis supplied by the Supreme Judicial Court of Massachusetts). And in Clark & White v. Fitzgerald, Mass., 127 N.E.2d 172, 174, the court attached the same consequences to a contract provision permitting the deduction, not from the proceeds of sales on repossession generally, but only from any surplus payable to a buyer which might be realized from such a sale, of " 'all reasonable charges for the amount of any liens, storage charges, repossession expenses, reasonable attorneys' fee or any other reasonable expenses incurred or paid by * * * [the dealer] in connection with said car * * *.' " [2] Both decisions in these cases rest upon the proposition that the contract provision under consideration, if it did not actually authorize the deduction of expenses in addition to only

---

1. "§ 13A. *Provision Relative to Payments, etc., in Case of Repossession and Sale.*— No instrument evidencing a conditional sale of personal property shall be valid unless it contains a provision that, in case of repossession and sale of such personal property for default in payment of any part of the total time price, all sums paid on account of such price and any sum remaining from the proceeds of a sale of such repossessed personal property after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of such price, and that, if the net proceeds of such sale exceed the bal-ance due on such price, the sum remaining shall be paid to the vendee; * * *."

2. Under prior Massachusetts cases some of these items were clearly improper. Therefore in the absence of specific discussion of attorneys' fees it cannot be said that the court held incorrect our prior decision upholding their inclusion as a part of reasonable expenses of repossession and sale. In re Seaboyer, D. C.Mass.1953, 116 F.Supp. 780, affirmed sub nom. Miller v. General Motors Acceptance Corp., 1 Cir., 1954, 210 F.2d 654.

the reasonable expenses of repossession and sale permitted by the statute, at least introduced a doubt on that score when the legislature intended clarity. As we construe the contract provision under consideration in the case at bar, however, only reasonable expenses of retaking and selling and no others are deductible from the proceeds of the sale. It follows that neither of the Massachusetts cases cited above rules the case before us on this appeal.

The order of the District Court is affirmed.