MORRIS GORDON & SON, INC. *vs.* KATINA TOTONI
& others.

Suffolk.    November 4, 1948. — April 7, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract,* Performance and breach, Modification, Building contract.
   *Equity Jurisdiction,* Specific performance, Equity regards as done
   that which ought to have been done.

In a suit in equity upon a contract whereby the plaintiff agreed to re-
   model a restaurant for the defendant, a decree for the plaintiff properly
   was entered, although the bill averred complete performance by him
   and it appeared that two specified articles were not installed, where
   it further appeared that, as to one of such articles, the defendant
   agreed that there should be a substitution and, as to the other, the
   plaintiff tendered performance within a reasonable time but the
   defendant "decided" he "did not want it."
In a suit in equity, by one who had fully performed a contract to remodel
   a restaurant for the defendant, for specific performance of a provision
   of the contract whereby the defendant agreed to execute a conditional
   sale agreement and note to cover a sum to become due the plaintiff
   upon completion of his work, a decree giving the plaintiff the same
   rights he would have had if the defendant had executed the condi-
   tional sale agreement and note was proper: equity regards as done
   that which ought to have been done.

BILL IN EQUITY, filed in the Superior Court on December
21, 1946.

The suit was heard by *Cabot,* J.

*W. E. Sisk, R. L. Sisk & F. J. Peralta,* for the defendants,
submitted a brief.

*J. B. Abrams, (R. G. Mintz* with him,) for the plaintiff.

SPALDING, J.    The plaintiff brings this bill to compel
specific performance of a provision contained in a con-
struction contract whereby the defendants agreed to execute
a conditional sale agreement and a promissory note. [1]   The

--------

[1] Other relief sought by the bill has become immaterial and need not be
discussed.

defendants included a counterclaim in their answer in which they sought damages for an alleged failure by the plaintiff to perform the contract in a "good and workmanlike manner." The judge made findings of fact and an order for decree, pursuant to which a decree was entered dismissing the counterclaim and granting certain relief (which will be stated hereinafter) to the plaintiff. From this decree the defendants appealed. The evidence is reported.

The facts may be summarized as follows: The plaintiff is a corporation engaged in the business of remodelling and equipping stores and restaurants. The defendants for some years have been engaged in conducting a restaurant in the city of Lynn. On October 13, 1945, the plaintiff and the defendant Katina Totoni, acting on behalf of herself and the other defendants, entered into a contract in writing whereby the plaintiff undertook to remodel their restaurant. The sum fixed in the contract for the work to be done and the equipment to be installed was $26,200, $16,200 of which was to be paid in certain amounts from time to time on or before the completion of the work. The balance of $10,000 plus interest was to be paid in eighteen equal monthly instalments and was to be "secured by . . . [the plaintiff's] standard conditional sales contract and note."

No time was fixed in the contract for the commencement or completion of the work. The plaintiff commenced work about April 1, 1946, and completed it around the middle of July, 1946. The judge found that during the course of the work certain changes in the contract were mutually agreed to by the parties whereby certain items were added and others were omitted. The contract called for the installation of "Herculite" doors. Before the work began the plaintiff sent a letter to the defendants stating that it was encountering difficulty in obtaining these doors and suggested that the work on the contract should go forward and that temporary doors be used in the meanwhile. The plaintiff went on to say that it would like to know immediately whether this proposal met with the defendants'

approval because it did not want to start the work "unless . . . the arrangement . . . [was] agreeable" to the defendants. The defendants wrote the plaintiff that they were "willing to go along with . . . [its] suggestion to use temporary doors until . . . [it was] able to secure Herculite doors." The plaintiff down to the time of the hearing has been unable to obtain "Herculite" doors. The contract also called for a "Frialater" which the plaintiff was unable to obtain until September, 1946. When the plaintiff obtained it the defendants decided that they did not want it and it was not installed.

The sum found to be due the plaintiff under the contract after computing the cost of extras and deducting the sums to be credited to the defendants[1] was $12,204. To this sum, the judge ruled, there should be added interest and a reasonable attorneys' fee (which he found to be $500) both of which were provided for in the conditional sale agreement. Although the defendants had refused to execute this agreement the judge treated it as though it had been done since it ought to have been done. The final decree ordered the defendants to pay the sums found to be due the plaintiff and authorized the plaintiff to repossess certain articles[2] of personal property and to sell the same at public auction and credit the proceeds, less the expenses of the sale, against the amount owed by the defendants.

The defendants challenge the decree on the grounds that the bill proceeds on the basis of a special contract alleged to have been fully performed by the plaintiff and broken by the defendants; that in order to recover under such averments the plaintiff was required to show that it performed the contract completely; and that the facts show that the plaintiff did not fully perform. There is no merit in these contentions. The express findings of the judge and those

[1] The amounts credited included the following: allowances for items omitted by agreement, the cost of the "Herculite" doors and the "Frialater," and the sums which had been paid by the defendants on account.

[2] These consisted of furniture and equipment furnished under the contract which would have been included in the conditional sale agreement had it been executed.

implied from the entry of the decree establish that there was no departure from the terms of the contract by the plaintiff, and these findings were amply supported by the evidence. The defendants are in no position to contend that the plaintiff's failure to supply the "Herculite" doors and the "Frialater" precluded recovery under the contract. The failure of the plaintiff to install the "Herculite" doors was not a breach of the contract. The defendants knew of the plaintiff's difficulties in obtaining the doors and assented to the plaintiff's "suggestion to use temporary doors until . . . [it was] able to secure Herculite doors."

The case does not fall within decisions relied on by the defendants holding that recovery for substantial though inexact performance, even where exact performance is waived, cannot be had upon pleadings alleging full performance. *Allen* v. *Burns,* 201 Mass. 74. *Hennessey* v. *Preston,* 219 Mass. 61. *Searls* v. *Loring,* 275 Mass. 403, 406–407. Here there was a substituted performance agreed upon by the parties and not a mere waiver of nonperformance. What was done was the agreed equivalent of what was originally promised and recovery may be had upon averments of performance. *Lampasona* v. *Capriotti,* 296 Mass. 34, 39–40. In the case of the "Frialator" the findings establish that the plaintiff through no fault or neglect on its part could not obtain it until shortly after the job had otherwise been completed and that, within a reasonable time, the plaintiff tendered it to the defendants who then "decided they did not want it." This did not, in our opinion, constitute a breach of the contract on the part of the plaintiff. The plaintiff, therefore, was entitled to recover the sum found to be due under the contract, as modified.

The decree rightly gave to the plaintiff the same rights it would have had if the defendants had executed the conditional sale agreement and note. The defendants were obligated under the original contract to execute it and their failure to do so on the findings of the judge was without excuse. This is a case for the application of the maxim that equity regards that as done which ought to have been done.

*Pilok* v. *Bednarski*, 230 Mass. 56, 58.   *Lonergan* v. *Highland Trust Co.* 287 Mass. 550, 559.   *Parkway, Inc.* v. *United States Fire Ins. Co.* 317 Mass. 428, 430.   *Boruchoff* v. *Ayvasian*, 323 Mass. 1, 10.   The conditional sale agreement which was tendered[1] was in compliance with G. L. (Ter. Ed.) c. 255, § 13A, as appearing in St. 1939, c. 509, § 1. Under the terms of that agreement the plaintiff could repossess the property and recover the balance due as liquidated damages, together with a reasonable attorney's fee. *Bedard* v. *C. S. Ransom, Inc.* 241 Mass. 74.   *A & H Finance Corp.* v. *Goldman*, 293 Mass. 113, 115–117.   In view of such provisions decisions such as *Bailey* v. *Hervey*, 135 Mass. 172, and *Russell* v. *Martin*, 232 Mass. 379, have no application. The provision in the decree that the property repossessed was to be sold at public auction gave the defendants the protection afforded by G. L. (Ter. Ed.) c. 255, § 13F, as inserted by St. 1939, c. 509, § 2.

*Decree affirmed with costs.*

---

[1] A copy of this agreement was in evidence.