SARAH MOGUL *vs.* BOSTON ACCEPTANCE COMPANY, INC.
& others.

Suffolk.    October 4, 1951. — February 28, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Sale,* Conditional sale, Contract of sale.    *Contract,* Validity.

A provision in a contract of conditional sale that the vendor, in case of
repossession and sale of the property covered by the contract, might
deduct from the proceeds of the sale to be applied in reduction of the
price "all expenses for retaking, repairing and selling said property"
was not the equivalent of the provision for deduction of expenses re-
quired to be contained in the contract by G. L. (Ter. Ed.) c. 255,
§ 13A, as appearing in St. 1939, c. 509, § 1, and the vendor had no
security title to the property.

BILL IN EQUITY, filed in the Superior Court on March 29,
1950, for a declaratory decree.

The plaintiff alleged in the bill the making of a conditional
sale contract covering certain equipment between two of
the defendants and an assignment of the contract by the
vendor to a third defendant, and claimed title to the equip-
ment through purchase at a sale in foreclosure of a chattel
mortgage of the equipment given by the vendee.   Prayers
A and B of the bill were as follows: "A. That this court
interpret and declare that the title to the equipment re-
ferred to in said conditional sales contract under the terms
thereof was not in the . . . [vendor] or in its assignee . . . .
B. That this court interpret and declare the rights of the
. . . [plaintiff] in and to said equipment to be superior to
the rights of the . . . [vendor] or its assignee . . . ."

The suit was heard by *Forte,* J., by whose order a decree
was entered "that the provisions of the instrument sought
to be construed by the plaintiff substantially comply with
G. L. (Ter. Ed.) c. 255, § 13A; that the condition in the
contract of sale embodied therein is valid and not void;

that the title . . . [to the equipment] is now in the . . . [assignee of the vendor]." The plaintiff appealed.

*J. E. Levine,* for the plaintiff.

*R. G. Wellings,* for the defendant Boston Acceptance Company, Inc., assignee.

*D. S. Kunian,* for the defendant Equipment S & S Co., vendor.

QUA, C.J. The only question in this case is whether a certain conditional sale contract contained the provision required by G. L. (Ter. Ed.) c. 255, § 13A, as appearing in St. 1939, c. 509, § 1, that in case of repossession and sale all sums paid on account of the price and any sum remaining from the proceeds of sale after deducting "*the reasonable expenses of such repossession and sale*" [1] shall be applied in reduction of the price.

If such a provision was not included the condition of the sale was invalid, and no security title remained in the conditional vendor. *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547.

The wording contained in the contract in question which must be compared with the wording above quoted from the statute was this, "*all expenses for retaking, repairing and selling said property.*"[1] In our opinion the contract did not comply with the statute. The deduction of "all expenses for retaking, repairing and selling" is not the same as the deduction of "the reasonable expenses of such repossession and sale." Under the statutory wording it is plain that the expenses of repairs can be deducted only if they constitute part of the reasonable expenses of repossession and sale. Under the wording of the contract it may be argued that all expenses of repairs can be deducted, whether or not reasonably necessary in order to effect a sale. We can imagine many instances where slight repairs might be reasonable in order to effect a sale but where, under the wording of the contract, the conditional vendor would be under a constant temptation to make greater or different repairs than necessary to effect a sale, all

---

[1] Emphasis supplied.

at the expense of the conditional vendee.  At the very least, without attempting to determine just how the words of the contract would be construed, the variation from the words of the statute introduces doubt where the Legislature intended clarity and would enable excessive claims to be made by the vendor against the vendee which could not plausibly be made under the words of the statute.  It is difficult to think of a reason for making such departures from the statutory wording unless the vendor hopes thereby to gain wider freedom of action than the statutory wording would allow him.  We do not go so far as to say that there can be no change in the statutory words, but we do say that if different words are used they must be equally effective in every respect with those of the statute to accomplish the exact statutory purpose.

It must be remembered that the section of the statutes here involved is one of a number of sections enacted in pursuance of a definite and continuing policy of protecting conditional vendees against imposition by conditional vendors and instalment houses.  These sections must not be weakened or chipped away by a series of small encroachments.

This case is distinguishable from *Morris Gordon & Son, Inc.* v. *Totoni,* 324 Mass. 182, 186, where the statutory language was adopted in its entirety without change and other words were added not inconsistent with the statutory language.

The decree is reversed, with costs of this appeal to the plaintiff, and a decree is to be entered in favor of the plaintiff pursuant to prayers "A" and "B" of the bill.

*So ordered.*