OSCAR D. CLARK *vs.* A & J TRANSPORTATION Co., INC., & another.

Suffolk.   May 6, 1953. — June 18, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Sale,* Conditional sale, Contract of sale.   *Contract,* Validity.

A provision in a contract of conditional sale that the vendor, in case of repossession and sale of the property covered by the contract, might deduct from the proceeds of the sale to be applied in reduction of the price "all reasonable expenses for retaking, repairing and selling such property" was not the equivalent of the provision for deduction of expenses required to be contained in the contract by G. L. (Ter. Ed.) c. 255, § 13A, as appearing in St. 1939, c. 509, § 1, and the vendor had no security title to the property.   COUNIHAN, J., dissenting.

BILL IN EQUITY, filed in the Superior Court on October 20, 1952, to obtain possession of two trucks.

The suit was heard by *Brogna,* J.

*Claude B. Cross,* for the plaintiff.

*Joseph E. Levine,* for the defendant Leventhal.

SPALDING, J.   The question for decision is whether the conditional sale agreement here involved satisfied the requirements of G. L. (Ter. Ed.) c. 255, § 13A, as appearing in St. 1939, c. 509, § 1.   The controversy is between the conditional vendor, hereinafter called the plaintiff, and a subsequent mortgagee, hereinafter called the defendant.

The facts are these.   On April 9, 1952, the plaintiff sold

to the A & J Transportation Co., Inc., two trucks under a conditional sale agreement whereby the plaintiff retained title to the trucks until the balance of the purchase price was paid in full. The unpaid balance at the time of the sale was $20,232 and was to be paid in thirty-six monthly instalments of $562. On September 18, 1952, the A & J Transportation Co., Inc., gave to the defendant a chattel mortgage which included the two trucks in question. The mortgage was duly recorded. At the time of the hearing below the A & J Transportation Co., Inc., owed the plaintiff $19,670 together with interest and an attorney's fee. Being of opinion that the conditional sale agreement was invalid because it did not comply with G. L. (Ter. Ed.) c. 255, § 13A, the judge held that the plaintiff lost his security title in the trucks and that the defendant's mortgage was good. From a decree entered accordingly the plaintiff appealed. [1]

Section 13A provides that no instrument evidencing a conditional sale of personal property, with an exception not material, shall be valid unless it contains a provision that in case of repossession and sale all sums paid on account of the price and any sum remaining from the proceeds of the sale after deducting *"the reasonable expenses of such repossession and sale"* shall be applied in reduction of the price (emphasis supplied). If such a provision is not included in the agreement the conditional vendor loses his security title. *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547. *Mogul* v. *Boston Acceptance Co. Inc.* 328 Mass. 424.

The pertinent provision of the agreement in question reads: "From proceeds of any such sale, seller shall deduct all reasonable expenses for retaking, *repairing* and selling such property *including a reasonable attorney's fee.* The balance thereof shall be applied to amount due; any surplus shall be paid over to purchaser" (emphasis supplied). It will be noted that the italicized words are not found in

---

[1] The defendant appealed from an interlocutory decree overruling his demurrer, but this was waived at the arguments in this court.

§ 13A. The language of that section is "reasonable expenses of such repossession and sale."

We are of opinion that the judge rightly held the security invalid. The case is governed by our recent decision in *Mogul* v. *Boston Acceptance Co. Inc.* 328 Mass. 424. There the conditional sale agreement contained a clause under which the conditional vendor could deduct "all expenses for retaking, *repairing* and selling said property" (emphasis supplied). It was held that this clause by reason of the word "repairing" was not the equivalent of the provision required by the statute and rendered the agreement invalid to the extent that the conditional vendor lost his security. The only difference in that respect between the contract there and the one in question is that the latter uses the words "reasonable expenses for . . . repairing." The plaintiff argues that the word "reasonable" saves the agreement. We do not agree. In the *Mogul* case, to be sure, we intimated that there might be instances where slight repairs might be reasonable in order to effect a sale, but we also observed that under the wording of the contract there involved the conditional vendor "would be under a constant temptation to make greater or different repairs than necessary to effect a sale, all at the expense of the conditional vendee" (pages 425–426). We are not satisfied that, as the plaintiff contends, the present agreement authorizes deductions only for repairs which are reasonably necessary to repossess or sell the property. It is susceptible of a broader construction. And, as we said in the *Mogul* case, "At the very least, without attempting to determine just how the words of the contract would be construed, the variation from the words of the statute introduces doubt where the Legislature intended clarity and would enable excessive claims to be made by the vendor against the vendee which could not plausibly be made under the words of the statute. It is difficult to think of a reason for making such departures from the statutory wording unless the vendor hopes thereby to gain wider freedom of action than the statutory wording would allow him" (page 426).

The defendant does not argue that the agreement also offended against § 13A because it authorized "a reasonable attorney's fee" to be deducted from the proceeds of the sale. Relying on an incidental remark in *Morris Gordon & Son, Inc.* v. *Totoni,* 324 Mass. 182, the plaintiff argues that this provision is valid. Since, as we hold, the agreement violates § 13A apart from this provision we need not determine its validity. It may not be inappropriate to point out that an examination of the original papers in the *Gordon* case discloses that the question whether the conditional sale agreement there satisfied the requirements of § 13A was not in issue. Hence the statement that it did was dictum. In so far as that statement can be construed as sanctioning deductions in excess of those permitted by the statute it must be disregarded. We are not to be understood, however, as intimating that in collecting a deficiency properly established after making the deductions sanctioned by § 13A a conditional vendor may not recover a reasonable attorney's fee if the contract so provides. In the *Gordon* case we held that he could. It ought to be apparent now from our decision in the *Mogul* case and from what we decide here that the legislative policy, of which § 13A is a manifestation, of protecting conditional vendees against imposition by conditional vendors is not to be "weakened or chipped away by a series of small encroachments" (328 Mass. 424, 426). The permissible deductions are set forth in the statute in plain and simple language. Amplification of it in the agreement is not only unnecessary but extremely hazardous.

*Defendant's appeal dismissed.*
*Final decree affirmed with costs of appeal.*

COUNIHAN, J. I am unable to concur with the opinion in this case. I believe that the judge was in error in holding the security afforded by the conditional sale contract invalid.

The opinion is grounded upon the cases of *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547, and *Mogul* v. *Boston Acceptance Co. Inc.* 328 Mass. 424, with both of

which I am in accord but neither of which to my mind is controlling. In the *Lehan* case the security was held invalid by failure to include in the conditional sale contract the pertinent or similar words of c. 255, § 13A, relating to the deduction of "the reasonable expenses of such repossession and sale," and in the *Mogul* case the same result was arrived at because no limitation of any kind was imposed upon the "expenses for retaking, repairing and selling said property," which was the language used in the conditional sale contract there under consideration. In the case at bar the situation is entirely different for a limitation is imposed by the use of the words "reasonable expenses for retaking, repairing and selling such property including a reasonable attorney's fee." I think that the use of the word "reasonable" in the conditional sale contract here saves it.

The *Mogul* case says explicitly at page 425 that "The deduction of '*all* expenses for retaking, repairing and selling' is not the same as the deduction of 'the *reasonable* expenses of such repossession and sale'" as required by the statute. And most significantly it says, "Under the statutory wording it is plain that the expenses of repairs *can* be deducted only if they constitute part of the *reasonable* expenses of repossession and sale" (emphasis supplied). That language is unmistakably clear and capable of no misinterpretation. It follows therefore that, if expenses for reasonable repairs may be legally deducted in the absence of any language referring to such repairs in the conditional sale contract, the inclusion of the word "repairing" in it as describing the nature of such "reasonable expenses of such repossession and sale" is not inconsistent with the statute and does not render the contract invalid. The use of the word "reasonable" definitely precludes the suggestion in the *Mogul* case that an argument might be made that, if all expenses of repairs may be deducted, expenses could be allowed "whether or not reasonably necessary in order to effect a sale." No such contention can be made under the contract here involved.

And yet of even more significance is the language of the *Mogul* case where it was said at page 426, "We do not go so far as to say that there can be no change in the statutory words, but we do say that if different words are used they must be equally effective in every respect with those of the statute to accomplish the exact statutory purpose." And further the conditional sale agreement is held to be valid "where the statutory language was adopted in its entirety without change and other words were added not inconsistent with the statutory language." This is the situation here as I see it.

The use of the word "repairing" is merely descriptive of the kind of expenses which are deductible as part of "the reasonable expenses of such repossession and sale" and does no violence to the statute. The words used in this contract are equally effective in every respect with those of the statute to accomplish the desired statutory purpose. The vendor gains no "wider freedom of action than the statutory wording would allow him" and the statute is not "weakened or chipped away by a series of small encroachments."

The opinion seems to cast doubt on the provision in this conditional sale agreement allowing the vendor to deduct from the receipts of the sale "a reasonable attorney's fee" in connection with the "reasonable expenses of such repossession and sale" and implies that a reasonable attorney's fee may be allowed a vendor only for collecting a deficiency properly established under § 13A. I am unable to agree with this conclusion. I think it no violation of § 13A to include a provision for the allowance of a reasonable attorney's fee if the vendor finds it necessary to consult an attorney to be certain that he is taking proper legal steps to repossess and sell the property covered by the conditional sale agreement. Indeed I think the advice of counsel will usually be required to determine just what expenses for repairs are allowable as part of "the reasonable expenses of such repossession and sale" as set forth in the *Mogul* case. I think that the limitation imposed upon the

amount of such fee by the use of the word "reasonable" saves this provision also.

I agree and sympathize with the thought behind the opinion that it was the intent of the Legislature to curb plans of rapacious money lenders to take advantage of borrowers but, as I have said, I believe that purpose is accomplished by the inclusion of the word "reasonable" in so far as it applies to expenses for retaking, repairing, and selling. Conditional sale agreements serve a useful purpose in the modern business world and permit the expansion of business by the use of credit obtained in this manner which otherwise could not be had. Reputable business men, banking and other financial institutions ought not to be discouraged from advancing money on such agreements if the rights of borrowers are protected to the extent provided in the agreement in the case at bar.

To hold this conditional sale agreement invalid would be to give the holder of the chattel mortgage a most unfair and inequitable advantage.

I believe that the decree ought to be reversed with costs and a new decree be entered granting the plaintiff the relief prayed for. In view of the conclusions I arrive at the demurrer of the defendant mortgagee was properly overruled.