**In re SEABOYER.**
**Bankr. No. 385-53.**

United States District Court
D. Massachusetts.
Nov. 4, 1953.

Leonard K. Millen, Malden, Mass., for petitioning creditors.

Mario Misci, Boston, Mass., for respondent.

Morris Michelson, Boston, Mass., for trustee.

R. Gaynor Wellings, Boston, Mass., for General Motors Acceptance Corp.

John A. Brennan, Boston, Mass., Chief Counsel, Division of Employment Security.

WYZANSKI, District Judge.

This case arises on a petition for review of an order entered by Referee Smart. The record before this court consists of the Referee's findings of fact and rulings of law and his certificate to the judge.

The question presented is whether that provision of a conditional sales contract providing that in the event of a sale the "seller shall deduct all reasonable expenses for retaking and selling such property including a reasonable attorney's fee" makes the contract void under Section 13A of Chapter 255 of Massachusetts General Laws, Tercentenary Edition so that property covered by such a contract cannot be reclaimed from the buyer's trustee in bankruptcy.

Massachusetts General Laws, in the section just cited, provides as follows:

"No instrument evidencing a conditional sale of personal property shall be valid unless it contains a provision that, in case of repossession and sale of such personal property for default in payment of any part of the total time price, all sums paid on account of such price and any sum remaining from the proceeds of a sale of such repossessed personal property after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of such price, and that, if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to the vendee; provided, that this section shall not apply to an instrument evidencing a conditional sale of personal property affixed or attached to real estate in any other manner than by an electrical connection."

On January 30, 1953 the bankrupt purchased an automobile on contract of conditional sale from Lalime's Garage Inc. which assigned the contract to General Motors Acceptance Corporation. Although technically G.M.A.C. is therefore an assignee, in this opinion it may on occasion be referred to as though it were the seller.

The purchaser became bankrupt and without in this particular instance consulting counsel the assignee, finding that there was an outstanding balance of $939.32, made demand for the return of the automobile or the payment of the outstanding balance. The Receiver in Bankruptcy failed to comply on the ground that the contract was invalid under the statute already cited. Thereupon G.M.A.C. filed a petition for the reclamation of the automobile. The Referee in Bankruptcy held that the contract was valid under the statute and allowed the reclamation petition. Thereupon the Trustee in Bankruptcy, complaining of the order, on the ground that the quoted provision of the contract made it invalid under the cited statute, petitioned this court to review the Referee's order and to set it aside and thus to annul the permission given to G.M.A.C. to reclaim the property or to collect the balance due under the contract.

In essence the Trustee's argument is developed from the holding and suggestions in Clark v. A. & J. Transportation Co. Inc., 1953, 330 Mass. 327, 113 N.E.2d 228 and Mogul v. Boston Acceptance Co., Inc., 328 Mass. 424, 104 N.E.2d 427.

The Trustee's contention is that the Massachusetts statute has been and in accordance with its policy should be rigidly construed so as to invalidate any conditional sales contract which does not plainly fall within the legislative permission. His view is that the statutory word "expenses" does not include fees, whether reasonable or not, payable by the seller to an attorney. (Apparently at this early stage of his argument the Trustee's view is that such attorney's fees are not included within the statute whether the amounts are paid to a solicitor for his advice or to a barrister for his performance in collecting the sum due in foreclosing or in other legal process necessary for retaking and selling.)

The contention emphasizes the use of the word "expenses" and the suggestion is made that the Massachusetts Legislature, from its inspection of and familiarity with other legislation and deci-

sions thereunder, knew that the word "expenses" was a word of art excluding by necessary implication any kind of attorney's fees. See for example Dahlstrom Metallic Door Co. v. Evatt Construction Co., 256 Mass. 404, 417, 152 N.E. 715, and Sears v. Nahant, 215 Mass. 234, 102 N.E. 491.

A second contention of the Trustee is that the Mogul and Clark cases show that Massachusetts state decisions, which needless to say are controlling in this area of law, reveal a strong judicial inclination to interpret this statute to prevent any "chipping" away of the legislative solicitude to protect conditional buyers against the overreaching and powerful claims of sellers who customarily after consulting counsel draft elaborate instruments designed more fully to protect their rights than those of the naive, unsophisticated purchasers of conditionally sold goods.

While recognizing the force of these contentions, this court rejects them. In my view attorneys' fees incurred or incurrable for "retaking and selling property" (to use the language of the contract here involved) are within the statutory permission applicable to "the reasonable expenses of such repossession and sale". Often advice from a lawyer as to the rights of a seller to recapture is as inevitable or at any rate as proper an expense as any single step in repossession of property. The cost of securing advice from an attorney stands on an equal footing with costs of physically removing property. To be sure under the statute and under this contract the amount must be limited to such attorneys costs as are reasonable but once this limitation is observed in the contract it is a payment often essential in order to put the seller in the position to which he would be entitled were it not for the fault (though of course not necessarily the moral fault) of the buyer.

The situation with respect to a reasonable attorney's fee is quite different from the situation with respect to the repair of property, the precise problem considered in the Mogul and in the Clark cases. (In stating what is the precise problem involved in the Clark case I am not unmindful of the mischievous dubitante in the majority opinion but that, I find, like the one in the dissenting opinion, is addressed to a matter not put in issue by the parties to the Clark case and not constituting in any sense the ratio decidendi of the Clark case.)

Were the conditional seller entitled to charge the buyer with the reasonable costs of repair he might often, perhaps invariably, get a better bargain than he was entitled to, for a repaired reclaimed article might, as a consequence of the repair, represent much more than the fair quittance for the unpaid balance on the article sold.

The situation stands quite differently with respect to those out of pocket expenses which a conditional seller may incur either to pay a solicitor for his advice or a barrister for his performance in connection with the retaking of goods on which there has been a default attributable to the buyer. Moreover, if it be of significance, it might be added that a reasonable attorney's fee has elements of definitiveness well known to courts and readily checked according to standards judicially administered and involves none of the possibilities of technical and commercial practice in repair of goods.

There is in fact, on close inspection, nothing contrary to the views just stated in the two Massachusetts cases on which the Trustee principally relies. It will be observed, for example, that in the opinion of Spalding, in the Clark case, 113 N.E.2d at page 230 after he has discussed the Mogul case he notes that:

> "We (the learned majority in that case) are not satisfied that, as the plaintiff contends, the present agreement authorizes deductions only for repairs which are *reasonably* necessary to repossess or sell the property."

Obviously no limitation to reasonable expenses was involved in the Mogul case. Thus the Supreme Judicial Court of Massachusetts has not even gone so far as to say that a conditional sales contract fails under the statute if that contract

specifically and plainly limits itself to the recoupment of *reasonable* repair charges.

The contract before me is undeniably limited to a "reasonable attorney's fee". And thus, for the two reasons that the Supreme Judicial Court has never construed a contract where the word "reasonable" was plainly a governing adjective and, second, that the court has never, except in an irrelevant aside, indicated any view on the problem of attorney's fee, I, with all due humility, feel free to interpret the Massachusetts statute without yielding to any earlier determination by the Supreme Judicial Court of Massachusetts. And being so free and not aided, as I have already been reminded, by any legislative debate and trying to put myself in the position in which the Massachusetts Legislature which enacted this statute would be had it considered the issue, I conclude that it was the legislative purpose to enable a conditional seller, provided he so stipulated in his contract, to recover a reasonable attorney's fee to cover such expenses as were properly attributable to consultation in advance of a retaking and selling of the property or expenses incurred for legal assistance in the processes necessary to make the conditional seller again the master of his own.

Petition denied. Referee's order affirmed.