*Southern District*

No. 21387

## HARRY N. NICKERSON

v.

## MELVIN ZEOLI

*Nash, J.* Replevin to recover a Bendix Television and one Gibson Refrigerator sold to the defendant under a conditional sales agreement. The defendant's answer is a general denial and an assertion that plaintiff had no title or right of possession to the property in question because the conditional sales agreement is invalid, contrary to statute and void. (*Kalus, J.*)

*There was evidence that* the plaintiff had sold the property to the defendant under a conditional sale contract that had been duly executed by the defendant. The contract, however, did not follow the words of the statute exactly. G. L. (Ter. Ed.) c. 255, §13A provides that in case of the repossession and sale of such personal property ". . .after deducting the reasonable expenses of such repossession and sale. . ." if there is a balance remaining it shall

be paid over to the vendee. In this contract, however, instead of following the wording of the statute as quoted above was added the words "removal", and "storage" so as to read ". . .the reasonable expenses of repossession, removal, storage and sale".

The sole issue is whether addition of the two words *removal* and *storage* violates the statute thereby depriving the plaintiff of his security title.

The defendant duly filed the following requests for rulings:

"1. Upon all the evidence the plaintiff did not on the date of his writ, to wit, the twenty-ninth day of March, 1954, have title or right to possession of the following items of personal property which had been sold by the plaintiff to the defendant under a Conditional Sales Contract. The items are as follows: 1 Bendix Television; 1 Gibson Refrigerator.

2. Upon all the evidence, title to the property referred to in Request for Ruling No. 1 hereof vested in the defendant on said twenty-ninth day of March, 1954.

3. The defendant had a right to continuous and exclusive possession of the articles set forth in No. 1 hereof as against the plaintiff.

4. The evidence requires a finding that the Conditional Sales Contract annexed to the plaintiff's writ fails to contain a provision required by General Laws, Chapter 255, Section 13A in which it is provided as follows: Section 13a. Provision Relative to Payments, etc. in Case of Repossession and Sale. "No instrument evidencing a conditional sale of personal property shall be valid unless it contains a provision that, in case of repossession and sale of such personal property for default in payment of any part of the total time price, all sums paid on account of such price and any sum remaining from the proceeds of a sale of such repossessed personal property *after deducting the reasonable expenses of*

*such repossession and sale* shall be applied in reduction of such price, and that, if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to the vendee; provided, that this section shall not apply to any instrument evidencing a conditional sale of personal property affixed or attached to real estate in any other manner than by an electrical connection."

5. The evidence requires a finding that the provision employed by the plaintiff in the annexed Conditional Sale Contract contains the following underscored words which are in violation of the aforesaid statute. "Repossession, *removal, storage* and sale."

6. In interpreting the statutory requirement set forth in General Laws, Chapter 255, Section 13a, the rules of strict construction apply.

7. Upon the pleadings and the evidence, the Court is required to enter a finding for the defendant in this action."

The trial judge granted No. 6 and denied the remainder and found for the plaintiff stating that the inclusion of the words ("removal", "storage" does not add in any substantial way to the import of the words "repossession" and "sale" and that the inclusion of these words does not destroy the effectiveness in any respect of the exact purpose sought to be accomplished by the statute".)

The defendant claiming to be aggrieved by the denial of his requests No. 1, 2, 3, 4, 5 and 7 and by the Court's ruling as set forth above appeals to this Division.

The issue is whether the inclusion of the words "removal", "storage", in the phrase "the reasonable expenses of such repossession and sale" was in compliance with the statute. If not then the plaintiff would lose his security title.

We do not believe that the contract fulfilled the requirements of the statute. Perhaps the word "re-

moval" does not introduce any modification of the necessary phrasing. It may be included within the statutory meaning of the word "repossession". The physical removal of an article may be necessary in order to regain possession and in this sense would add nothing to the word "repossession", but that we think does not apply to the word "storage". In our opinion this is such a variation from the words set forth by the Legislature as to cause the plaintiff to lose his security title. *Lehan v. North Main St. Garage, Inc.*, 312 Mass. 547; *Mogul v. Boston Acceptance Co. Inc.*, 328 Mass. 424.

The language "reasonable expenses of repossession and sale" does not lend itself to include the charge of "storage" which could be used to the disadvantage of the vendee. The temptation to hold an article indefinitely and then attempt to justify its storage cost would always be present and thus be an added possible expense chargeable to the vendee and not contemplated by the statute. As was said in *Mogul v. Boston Acceptance Co., Inc.*, 328 Mass. 424, at 426:

> "At the very least, without attempting to determine just how the words of the contract would be construed, the variation from the words of the statute introduces doubt where the Legislature intended clarity and would enable excessive claims to be made by the vendor against the vendee which could not plausibly be made under the words of the statute. It is difficult to think of a reason for making such departures from the statutory wording unless the vendor hopes thereby to gain wider freedom of action than the statutory wording would allow him."

Nor do we believe that the word "reasonable" occurring in the statute in the phrase "reasonable expenses of such repossession and sale" is comprehensive enough to control the insertion of the word storage

so that it complies with the exact statutory meaning. *Clark v. A & J Transportation Co., Inc.,* 330 Mass. 327.

The requested rulings denied by the trial judge should have been given. The failure to have so ruled is error and is prejudicial to the defendant. The finding for the plaintiff must be vacated and judgment entered for the defendant.

So ordered.

Sturtevant & Sturtevant, for the plaintiff.

M. H. Kramer, for the defendant.