HARRY N. NICKERSON *vs.* MELVIN ZEOLI.

Plymouth. May 6, 1955. — June 28, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Sale,* Conditional sale, Contract of sale. *Contract,* Validity.

A provision in a contract of conditional sale that the vendor, in case of repossession and sale of the property covered by the contract, might deduct from the proceeds of the sale to be applied in reduction of the price "the reasonable expenses of repossession, removal, storage and sale" was such a departure from the provision for deduction of expenses authorized by G. L. (Ter. Ed.) c. 255, § 13A, as appearing in St. 1939, c. 509, § 1, that the contract failed to meet the requirements of the statute and the vendor had no security title to the property.

REPLEVIN. Writ in the Second District Court of Plymouth dated March 29, 1954.

The action was heard by *Kalus,* J.

In this court the case was submitted on briefs.

*Jack Sturtevant,* for the plaintiff.

*Maurice H. Kramer,* for the defendant.

SPALDING, J. On February 2, 1953, the plaintiff sold to the defendant under a conditional sale agreement a television set and a refrigerator. The plaintiff brings this action of replevin to repossess both articles, alleging that the defendant had failed to make the payments required by the

agreement; that by reason thereof the plaintiff became entitled to repossess the property; that he had demanded the defendant to return it; and that the defendant had refused to do so.

At the trial counsel stipulated that the case would be submitted on one issue only, namely, whether the conditional sale agreement contained the provision required by G. L. (Ter. Ed.) c. 255, § 13A, as appearing in St. 1939, c. 509, § 1, that in case of repossession and sale all sums paid on account of the price and any sum remaining from the proceeds of the sale after deducting "*the reasonable expenses of such repossession and sale*"[1] shall be applied in reduction of the price. If such a provision was not included in the agreement the conditional vendor lost his security title. *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547. *Mogul* v. *Boston Acceptance Co. Inc.* 328 Mass. 424.

The agreement provided that upon repossession and sale of the property the seller would apply the proceeds to the unpaid balance after deducting "the reasonable expenses of repossession, *removal, storage* and sale" (emphasis supplied). It will be noted that the italicized words "removal" and "storage" do not appear in § 13A. The defendant presented several requests which in substance asked the judge to rule that the agreement failed to meet the requirements of § 13A and that by reason thereof no security title remained in the plaintiff. The judge denied these requests and found for the plaintiff. The Appellate Division vacated this finding and ordered judgment for the defendant. The plaintiff appealed.

There was no error.

Departures from the words of the statute in conditional sale agreements have been considered by this court in two recent cases. *Mogul* v. *Boston Acceptance Co. Inc.* 328 Mass. 424. *Clark* v. *A & J Transportation Co. Inc.* 330 Mass. 327.[2] In the *Mogul* case the wording of the agreement was "all expenses for retaking, *repairing* and selling said property" (emphasis supplied). In the *Clark* case the clause in

---

[1] Emphasis supplied.

[2] See also the very recent case of *Clark & White, Inc.* v. *Fitzgerald, ante,* 603.

controversy read, "all reasonable expenses for retaking, *repairing* and selling such property *including a reasonable attorney's fee*" (emphasis supplied). The italicized words are not in the statute. In each case it was held that the agreement did not satisfy the requirements of § 13A and that the conditional vendor lost his security title. In the *Clark* case we said at page 330, "It ought to be apparent now from our decision in the *Mogul* case and from what we decide here that the legislative policy, of which § 13A is a manifestation, of protecting conditional vendees against imposition by conditional vendors is not to be 'weakened or chipped away by a series of small encroachments' . . . . The permissible deductions are set forth in the statute in plain and simple language. Amplification of it in the agreement is not only unnecessary but extremely hazardous."

We are of opinion that the departure from the statute here was such as to render invalid the condition of the sale. In connection with the repossession of property the conditional vendor might incur an expense in removing the property. There might also be instances where he would have to store the property for a period prior to its sale. But reasonable expenses of this sort if fairly incidental to the repossession and sale could be deducted under the statutory words. By inserting the words "removal" and "storage" the conditional vendor would be under a constant temptation to run up charges for these services in excess of those contemplated by the statute. As we said in the *Mogul* case with respect to the added word "repairing," "At the very least, without attempting to determine just how the words of the contract would be construed, the variation from the words of the statute introduces doubt where the Legislature intended clarity and would enable excessive claims to be made by the vendor against the vendee which could not plausibly be made under the words of the statute. It is difficult to think of a reason for making such departures from the statutory wording unless the vendor hopes thereby to gain wider freedom of action than the statutory wording would allow him. . . . It must be

remembered that the section of the statutes here involved is one of a number of sections enacted in pursuance of a definite and continuing policy of protecting conditional vendees against imposition by conditional vendors and instalment houses" (page 426). There may be instances where a strict interpretation of the statute may work a hardship but in the long run we believe that such a construction will more effectively accomplish the purpose for which the statute was designed.

This is the opinion of a majority of the court.

*Order of Appellate Division affirmed.*