THE NATIONAL CASH REGISTER COMPANY *vs.*
VERA F. WARNER.

Suffolk.    April 2, 1957. — May 1, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Sale*, Conditional sale, Contract of sale.    *Contract*, Validity.    *Practice*,
*Civil*, Order for judgment.

A general finding in an action heard on a case stated was in effect an
order for judgment from which an appeal to this court lay under G. L.
(Ter. Ed.) c. 231, § 96.  [736]

A provision in a contract of conditional sale permitting deduction by the
vendor of "reasonable expense of repossession and sale including at-
torney's fees and court costs" from the proceeds of a sale upon repos-
session to be applied in reduction of the price contemplated reasonable
attorney's fees and court costs fairly incidental to repossession and
sale and did not fail to conform to the requirement of G. L. (Ter. Ed.)
c. 255, § 13A, as appearing in St. 1939, c. 509, § 1, nor deprive the
vendor of his security title.  [737–739]

REPLEVIN.    Writ in the Superior Court dated June 14,
1956.

The case was heard by *Morton, J.*

*Robert B. Kittredge*, for the plaintiff.

*Robert Robinson*, for the defendant.

WILKINS, C.J.    This action of replevin for two cash regis-
ters was heard on a statement of agreed facts which meets
the requirements of a case stated.    On January 11, 1957,
the judge found for the plaintiff and assessed damages in
the sum of $1.    On January 15, 1957, the defendant ap-
pealed "from the finding for the plaintiff made by the court
on January 11, 1957."    The finding for the plaintiff was not
a judgment, *Ashcroft* v. *Simons*, 163 Mass. 437, 440, but
was in effect an order for judgment from which an appeal
lies under G. L. (Ter. Ed.) c. 231, § 96.    *Dedham* v. *Newton*,
320 Mass. 391, 392.    *Pepperell* v. *Somerville*, 321 Mass. 413,

414. Compare *Duff* v. *Southbridge*, 325 Mass. 224, 226; *Meadows* v. *Town Clerk of Saugus*, 333 Mass. 760, 761.

The cash registers were sold under a contract of conditional sale made with Shuler, Inc., which became effective on June 16, 1955. The purchase price was $1,770, and there were to be twenty-four monthly payments. Instalments aggregating $480 were paid through April 12, 1956. On April 30, 1956, Shuler, Inc., then in default on the contract, made a general assignment for the benefit of creditors to the defendant, who the same day took possession of the cash registers, which she retained until they were replevied in June, 1956. Due demand for their surrender was made by the plaintiff before instituting replevin proceedings, but the defendant refused to comply, alleging that the plaintiff did not have a good security title.

The only question for decision is whether the conditional sale contract is invalid for violation of G. L. (Ter. Ed.) c. 255, § 13A, as appearing in St. 1939, c. 509, § 1, because the contract contains the following: (italics supplied) "In case of repossession and sale for default, all payments made and proceeds of sale, less *reasonable expense of repossession and sale including attorney's fees and court costs*, shall be applied in reduction of total time price; any overplus to be paid to vendee and any deficiency to be paid by vendee." Plainly the deduction is of reasonable attorney's fees and court costs. It would be absurd to interpret the italicized words as meaning reasonable expenses of repossession and sale, including attorney's fees and court costs whether reasonable or not.

Section 13A (italics supplied) requires that the contract contain a provision that in case of repossession and sale all sums paid on account of the price and any sum remaining from the proceeds of sale after deducting "*the reasonable expenses of such repossession and sale*" shall be applied in reduction of the price. The defendant contends that the inclusion in the contract of attorney's fees and court costs within the reasonable expenses of repossession and sale in-

validates the security title.   See *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547, 550–551.

We cannot believe that the Legislature had such an intention.   Attorney's fees we consider to be an inherent expense of repossession and sale of the property.   It is certain that the average layman often could not safely take those steps without legal advice.   Indeed, another section of the same statute contains the mandate that "unless possession of the property can be obtained without breach of the peace, it shall be taken only by legal process."   G. L. (Ter. Ed.) c. 255, § 13E, inserted by St. 1939, c. 509, § 2.   In the present case the defendant assignee, who had come between the plaintiff and its vendee, refused to make a peaceable surrender of the property and, in denying the plaintiff's title, raised a question of law in a technical statutory field which this court had expressly left open.   *Clark* v. *A & J Transportation Co. Inc.* 330 Mass. 327, 330.   Thereafter the plaintiff had the option to quit or to go to court.   For the prudent exercise of its right to pursue the latter course the services of someone trained in the law was a practical necessity.   See *Home Budget Service, Inc.* v. *Boston Bar Association, ante,* 228, 232.

To be distinguished are cases in which the conditional sale contract contained some attempted deduction not necessarily reasonable or fairly incidental to the repossession and sale, and hence not permitted by § 13A.   *Mogul* v. *Boston Acceptance Co. Inc.* 328 Mass. 424 ("repairing").   *Clark* v. *A & J Transportation Co. Inc.* 330 Mass. 327 ("repairing"). *Clark & White, Inc.* v. *Fitzgerald,* 332 Mass. 603 ("storage"). *Nickerson* v. *Zeoli,* 332 Mass. 738 ("removal, storage"). The basis of such decisions was the protection of the unwary conditional vendee against vague deductions, conceivably of substantial sums, for purposes not plainly consistent with the expressed legislative policy.   In the case at bar, a reasonable attorney's fee, which we hold to be within the contemplation of the statute, is based upon more definite considerations, and is a subject to which the courts are peculiarly competent to apply established legal principles.   The policy

of § 13A in the circumstances does not confer a windfall upon creditors of bankrupts or insolvent persons.

The point at issue has already reached the Federal courts in the First Circuit, and the result uniformly has been in accord with what we now decide. *In re Seaboyer*, 116 Fed. Sup. 780 (D. C. Mass.), affirmed sub nomine *Millen* v. *General Motors Acceptance Corp.* 210 Fed. (2d) 654. *In re Drooker*, 129 Fed. Sup. 866 (D. C. Mass.), affirmed sub nomine *Widett* v. *General Motors Acceptance Corp.* 226 Fed. (2d) 850.

The subject of court costs does not call for long consideration. "The prevailing party . . . in replevin shall recover costs irrespective of the amount of damages recovered." G. L. (Ter. Ed.) c. 261, § 6. The conditional vendor who by the default of the vendee is compelled to resort to this form of legal process must, in legislative contemplation, be entitled to this deduction. Costs are composed of definite items prescribed in detail by statute. See, for example, in the Supreme Judicial Court and the Superior Court G. L. (Ter. Ed.) c. 261, § 23. As is well known, such costs usually are for relatively small amounts substantially less than the cost of litigation.

*Order for judgment affirmed.*