FRANK LEPORE *vs.* ATLANTIC CORPORATION & another.

Suffolk. January 7, 1958. — March 3, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Sale,* Conditional sale, Contract of sale. *Contract,* Validity. *Words,* "If any."

G. L. c. 255, § 12, as appearing in St. 1943, c. 410, § 1, providing for the inclusion of certain items, "if any," in contracts of conditional sale does not require a specific indication that there are no such items where there are none, nor does the absence of a specific indication of their nonexistence make the contract fail to contain "substantially . . . the subject matter" required by § 12. [95]

A seller's security title under a contract of conditional sale was not lost by reason of inclusion therein of a provision that "if five days after default seller shall employ an attorney, buyer shall pay an additional sum equal to fifteen per cent of the aggregate of principal and interest unpaid hereunder at the time of employment of such attorney" where, as to repossession and sale, such provision was not incorporated by reference in and was controlled by a subsequent provision stating, after the phrase "Anything herein contained to the contrary notwithstanding," the proviso required by G. L. c. 255, § 13A, as appearing in St. 1939, c. 509, § 1, that in case of repossession and sale any sum remaining from the proceeds of the sale "after deducting the reasonable expenses of such repossession and sale" shall be applied in reduction of the price and any balance paid to the buyer after satisfaction thereof in full; the seller's resort to repossession and sale would limit his recovery to items permitted by § 13A. [96–97]

BILL IN EQUITY, filed in the Superior Court on April 10, 1957.

The suit was heard by *Warner,* J.

*Joseph E. Levine,* for the plaintiff.

*Henry Gesmer,* (*Marvin N. Geller* with him,) for the defendant Atlantic Corporation.

CUTTER, J. The plaintiff seeks declaratory relief against Powered Equipment Corp. (hereinafter called Equipment) and Atlantic Corporation, a finance company (hereinafter called Atlantic), with respect to a conditional sale agreement by which the plaintiff purchased from Equipment a machine known as a crawler back-hoe for $12,000, paying $3,000 in cash, the balance of $9,000, together with a finance charge of $1,080, to be paid in twenty-four monthly instalments. The plaintiff alleges that the agreement does not comply with G. L. (Ter. Ed.) c. 255, § 12 (as appearing in St. 1943, c. 410, § 1)[1] and § 13A (as appearing in St. 1939, c. 509, § 1), in that (a) it fails to set forth certain provisions mentioned later, said to be required by § 12, and (b) it sets forth, in what the plaintiff asserts is a violation of § 13A, in the agreement[2] itself and in a note a provision that, if after five days from any default the seller or holder of the note shall employ an attorney or place the note with an

---

[1] Section 12 was amended by St. 1956, c. 158, effective on June 4, 1956, ninety days after the approval of c. 158 on March 6, 1956, and substantially after February 11, 1956, the date of the agreement here involved. Section 12 has been later amended by St. 1957, c. 765, § 10, and G. L. (Ter. Ed.) c. 255, § 13A, has been repealed by St. 1957, c. 765, § 2. Both § 2 and § 10 of the 1957 amendments become effective on October 1, 1958, by virtue of § 21 of the 1957 act. Section 1 of the 1957 act inserts the Uniform Commercial Code enacted in Massachusetts as a new G. L. c. 106. Section 9–504 of this new c. 106 contains some material at present found in § 13A.

[2] The agreement reads in part: "If [the] Buyer shall fail to make any payment hereunder within five days after it is due . . . or upon any default in the performance of any of Buyer's agreements . . . the entire amount then unpaid shall . . . become due and payable . . . and Seller may . . . take possession [of the property] . . . and retain all payments made by the Buyer and collect from the Buyer the unpaid balance with interest from the fifth day after default at the rate of two per cent per month and, *if five days after default Seller shall employ an attorney, Buyer shall pay an additional sum equal to fifteen per cent of the aggregate of principal and interest unpaid hereunder at the time of employment of such attorney;* and Seller may make such disposition of the Property as Seller may see fit, and may sell the Property . . . ." (emphasis supplied). After a considerable interval, in the same block of type and paragraph, appear the passages set out in footnote 3.

attorney for collection, the buyer (the plaintiff) shall pay an additional sum equal to fifteen per cent of the aggregate of principal and interest unpaid at the time of the employment of such attorney. The agreement contains substantially the provision (hereinafter for convenience called the statutory proviso) required by § 13A.[3]

The trial judge found (a) that the crawler back-hoe was purchased on February 11, 1956, under the agreement, which was assigned by Equipment[4] to Atlantic on February 17, 1956; and (b) that the plaintiff had made certain payments but that the note had come into default and had been placed with an attorney for collection on March 25, 1957. A final decree was entered (1) that the agreement "is a lawful subsisting obligation between the plaintiff and . . . Atlantic . . . and that [the] plaintiff has no valid defences to the exercise of the rights of the Seller . . . by . . . Atlantic," and (2) that "there is due to . . . Atlantic . . . from the plaintiff . . . as of May 13, 1957, . . . $6,640 for principal; $233.38 interest; $1,031 for attorney's fees — totaling $7,904.38." The plaintiff appealed. The evidence is not reported.

[3] In the agreement the statutory proviso reads (italicized words are in the agreement but are not in § 13A and words in brackets are in § 13A but not in the agreement): "*Anything herein contained to the contrary notwithstanding,* in case of repossession and sale of *the* [such personal] Property for default in payment of any part of the total time price, all sums paid on account of such price and any sum remaining from the proceeds of a sale of such repossessed [personal] Property after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of such price, and that, if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to the *Buyer* [vendee]." The agreement goes on to say, "This contract is made subject to all laws applicable thereto; and any provision herein prohibited by law shall be ineffective to the extent of such prohibition without invalidating the remaining provisions of this contract. Provided however, the amount to be paid by the Buyer for interest, attorneys fees, services and/or expenses, shall not exceed the maximum amount that may lawfully be charged."

[4] It was stated at the oral argument that no question is presented to this court with respect to the plaintiff's defences or claims against Equipment by reason of defects in the crawler back-hoe; that issues dealing with these defences and claims are raised in another proceeding; and that the bill was dismissed as to the defendant Equipment without prejudice. Since no argument was presented in the plaintiff's brief based upon those defences and claims, under Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698, we do not need to discuss the validity of a provision, also found in the present agreement, expressly waiving the plaintiff buyer's defences, if any, against any assignee of Equipment, the original seller.

1. Section 12, as appearing in St. 1943, c. 410, § 1, requires that, among other things, there shall be included in the agreement "a description of property to be traded in, if any, and the trade-in allowance therefor; other credit allowances, if any; the difference between the cash price and the aggregate of down payment and allowances, if any; . . . a statement of delinquency charges, if any; [and] a statement of prepayment allowances, if any." Section 12 also provides: "If such contract does not substantially contain the subject matter as herein set forth, the vendee shall have a valid defence against the recovery of all finance charges and fees, exclusive of insurance premiums, in any action or proceeding to enforce said contract."

The plaintiff complains that the contract does not contain affirmative statements (a) that no property was "traded in," although none was and there was no "trade-in" allowance; (b) that there were no "other credit allowances," although there were none; and (c) that there were no prepayment allowances, although there were none. No complaint is justified that there was failure to state the difference between the cash price and the aggregate of down payment and allowances, for that difference was stated in dollars.

There is no doubt that § 12 and §§ 12A–13G were enacted for the benefit and protection of the consuming public and conditional vendees and are to be strictly applied. *Nickerson* v. *Zeoli*, 332 Mass. 738, 740–741. However, in the application of § 12 all that is required is that a conditional sale contract contain "substantially . . . the subject matter" called for by the section. There has been compliance with this provision. The words "if any" are not to be disregarded (see *Commissioner of Corporations & Taxation* v. *Chilton Club*, 318 Mass. 285, 288) and clearly indicate to us that the matters, which the plaintiff contends were improperly omitted, need be stated only if they exist. Where, as here, no one of these items does exist, failure to mention them, or to insert the word "none" in any blank referring to these items, does not constitute nondisclosure of any item required to be disclosed by § 12, which is essentially a disclosure

statute. See 1936 House Doc. No. 400, at pages 14, 30; 1943 House Doc. No. 1488, at pages 22, 29; 1943 Senate Bill No. 464.

2. The plaintiff contends, notwithstanding the inclusion in the agreement of the statutory proviso relating to repossession and sale (see footnote 3, *supra*), that the agreement violates § 13A because of the presence, in another part of the agreement (see italicized words in footnote 2, *supra*) and in the accompanying promissory note, of the provision for a flat fifteen per cent attorney's fee.

We understand the plaintiff's contention to be in substance (1) that a flat fifteen per cent attorney's fee may well be unreasonable and excessive in some circumstances (see discussion in *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 569); (2) that an unreasonable attorney's fee could not be properly included in the "reasonable expenses of such repossession and sale," the deduction of which from sale proceeds is permitted by § 13A (despite the holding in *National Cash Register Co.* v. *Warner*, 335 Mass. 736, 738, that a *reasonable* attorney's fee can be so included); and (3) that the provision for a flat fifteen per cent attorney's fee is essentially incorporated by reference in the statutory proviso (footnote 3, *supra*).

We do not need to decide the first two points just mentioned, for we think it clear that the provision for a flat fifteen per cent attorney's fee is not incorporated by reference in the statutory proviso, which starts out in the agreement here under consideration with the words, "Anything herein contained to the contrary notwithstanding." These words (a) make the statutory proviso, at least with respect to repossession and sale, control other parts of the agreement, and (b) exclude any incorporation within it of other special provisions of the agreement which may be inconsistent with it. The statutory proviso specifically excludes any deduction, of a type forbidden by § 13A, from the proceeds of a sale following repossession. There is no provision for such a forbidden deduction from any surplus arising from such a sale. Compare *Clark & White, Inc.* v. *Fitzgerald,*

332 Mass. 603, 605.   If the conditional vendor (or an assignee) should resort to repossession and sale to enforce this contract, the limits of his recovery will be fixed by the statutory proviso, for he, by that action, will then have elected to recover only the items permitted to him under § 13A.   Accordingly, Atlantic has not lost its security title since there has been no violation of § 13A.

3. The plaintiff does not argue in his brief that there was any error in the final decree except in the respects held to be without merit in parts 1 and 2 of this opinion.   The plaintiff also has not argued that Atlantic is not entitled by the terms of the agreement to recover (a) a fifteen per cent attorney's fee, assuming that it is not awarded as an expense of repossession and sale and deducted from the proceeds of such a sale, or (b) any other item which the final decree holds to be part of the plaintiff's debt to Atlantic.   We need not consider the propriety of the final decree in any respects about which the plaintiff has not argued in his brief.[5]   See Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698.

*Decree affirmed.*

---

[5] The plaintiff has not argued that recovery under such a contract by action at law, because of the provisions of § 13A and the policy behind that section, is limited to the items which may be satisfied from the security under § 13A. Nor has he argued questions relating to the validity of any of the other provisions of the agreement (quoted in footnotes 2 and 3, *supra*) such as were discussed incidentally in *In re Drooker*, 129 Fed. Sup. 866 (D. C. Mass.), affirmed sub nomine *Widett* v. *General Motors Acceptance Corp*. 226 Fed. (2d) 850 (C. A. 1), upon which the defendant relies.   There is no occasion to discuss these questions or that decision.